## KNAPP vs. BARTLETT.

*Execution — Exemption.*

The articles exempted from sale on execution by subd. 7, § 31, chap. 134, R. S., may be claimed by *any* judgment debtor, and not by "farmers" only. *Bevitt v. Crandall,* 19 Wis. 581, explained.

APPEAL from the Circuit Court for *Racine* County.

Replevin, for a horse valued at $175, and a sleigh valued at $75, which the defendant, as sheriff, seized under an execution against plaintiff's property. It appeared in evidence, that the plaintiff was a practicing physician; that he had no other horse or sleigh than those in question, and used these in his business. Defendant offered to show, on cross-examination of the plaintiff, that the latter had professional implements and a library worth over $200; but the offer was refused. The jury were instructed that the property was exempt. Verdict and judgment for plaintiff; and defendant appealed.

*C. W. Bennett,* with *Fuller & Dyer,* of counsel, for appellant, contended that subd. 7, § 31, chap. 134, R. S., provides for the exemption of the utensils of a farmer only, while subd. 9 applies to mechanics, tradesmen, and professional men; citing the language of the statute, and the decision in *Bevitt v. Crandall,* 19 Wis. 581.

*Paine & Millett, contra.*

DIXON, C. J. The counsel for the defendant is mistaken in the application which he seeks to make of the case of *Bevitt*

*v. Crandall*, 19 Wis. 581. It was not there held, nor intended to be, that the articles exempted by subdivision 7, § 31, chap. 134, R. S., can only be claimed by farmers or persons exclusively engaged in agricultural pursuits. It is true that implements of husbandry are mentioned, but the language of the subdivision is general, that such and such property of the debtor shall be exempted; and we cannot doubt that the legislature did not intend the exemption to be restricted to any particular class of persons. On the contrary, we think the intention was to make it general as to classes of persons who might enjoy the benefits of it. The articles there named are exempted absolutely, and to all persons alike. The suggestion in *Bevitt v. Crandall*, that persons cannot, by multiplying their employments, claim the exemption for each, was made with reference to the provisions of subdivision 9, which are applicable to particular classes of persons only. A man cannot, by carrying on the business both of a mechanic and a miner at the same time, double his exemption under that subdivision. We have no doubt that the property in question in this action was exempt; and the judgment must be affirmed.

*By the Court.* — Judgment affirmed.