HUMPHREY vs. TAYLOR.

*(1)* EXEMPTION *of chattels from execution.* *(2)* REVERSAL *for erroneous instruction; what bill of exceptions must show.*

1. The articles exempted from sale on execution, by sec. 31, ch. 134, R. S. 1858, as amended, are exempted absolutely, to all persons alike. *Knapp v. Bartlett,* 23 Wis., 68.

2. In addition to the articles specifically named, the section exempts "other farming utensils, including tackle for teams, not exceeding fifty dollars in value." A judgment debtor, who was not a farmer nor engaged in any business requiring the use of a mower, owned a mower of less than

$50 in value; and it does not appear that he owned tackle for teams, or any other farming utensils not specified in the section. *Held*, that the mower was exempt.

3. A judgment will be reversed for the giving of an erroneous instruction, if the bill of exceptions, though not purporting to contain all the evidence, contains enough to show that the instruction was material.

APPEAL from the Circuit Court for *Walworth* County.

Replevin, for a "mower" levied upon and seized by the defendant as sheriff, and held by him by virtue of two writs of attachment issued by a justice of the peace against the plaintiff, and by virtue of two executions issued upon judgments against the plaintiff in the attachment suits. Before this action was commenced, plaintiff demanded the mower of the defendant, claiming it as exempt property, but defendant refused to deliver it to him. The defense is, that at the time of such levy and seizure the plaintiff was not engaged in any business requiring the use of a mower; and the fact is that he was not.

The circuit judge instructed the jury, that, if they found "that plaintiff's business was not farming, but that he was engaged wholly in other business, not requiring the use of a mower," they should "find for the defendant, whatever may have been the value of the mower." The jury found for the defendant, and assessed the value of the mower at $35.42. A motion for a new trial was denied; judgment was entered pursuant to the verdict; and plaintiff appealed from the judgment.

*H. S. Winsor*, for appellant.

The cause was submitted for the respondent on the brief of *Smith & Wheeler*. They contended, 1. That the *intent* of a statute, rather than the letter, controls its construction (1 Bl. Com., 60, 61, 87, 88; Chase's Bl., 52, 53, and note 10; id., 26, 27, and note 14; *Murray v. Railroad Co.*, 4 Keyes, 274; *Hegan v. Railroad Co.*, 15 N. Y., 380; *Holmes v. Carley*, 31 id., 289); that, while the articles named in subd. 7, sec. 31, ch. 134, R. S. 1858, are exempted absolutely, *to all persons alike* (*Knapp v. Bartlett*, 23 Wis., 68), yet it was not the intent of

·the statute to exempt any property in favor of any person unless it is *needed for the use* of such person *(Cowan v. Main,* 24 Wis., 569; *Casselman v. Packard,* 16 id., 114; *Walsch v. Call,* 32 id., 159; *Kennedy v. Baker,* 4 Chand., 19; *King v. Moore,* 10 Mich., 538); and that the words, " other farming utensils," in the statute were intended to include only the smaller implements absolutely necessary in carrying on a small farm, such as hoes, spades, shovels, axes and the like, and not to embrace farm machinery, such as mowers, reapers, threshing machines and steam engines; and that this was plain from the limitation in value, including tackle for teams, to $50, from the specific designation of " a wagon, cart or dray, plough, drag," etc., and from the fact that the larger farm machinery was not in use by farmers in this state when the statute was enacted.

LYON, J. Section 31, ch. 134, R. S. 1858, as amended, provides as follows: " No property hereinafter mentioned or represented shall be liable to attachment, execution or sale on any final process issued from any court in this state. . . . 7. Two cows, ten swine, one yoke of oxen and one horse or mule (or, in lieu of one yoke of oxen and a horse or mule, a span of horses or a span of mules), ten sheep and the wool from the same, either in the raw material or manufactured into yarn or cloth; the necessary food for all of the stock mentioned in this section for one year's support, either provided or growing, or both, as the debtor may choose; also one wagon, cart or dray, one sleigh, one plough, one drag; and other farming utensils, including tackle for teams, not exceeding fifty dollars in value." (Tay. Stats., 1550, § 32.)

A mower is not specifically named in the statute; hence, if the mower in controversy is exempt property, it is so by virtue of the last clause of subdivision 7, which exempts " other farming utensils, including tackle for teams, not exceeding fifty dollars in value." It does not appear in this case that the plaintiff had any " tackle for teams " when the sheriff seized the mower.

Humphrey vs. Taylor.

The case turns upon this question: Is the plaintiff, who is not a farmer, and who, when the levy was made, was not engaged in any business requiring the use of a mower, en-titled to the benefit of the exemptions given by the above stat-ute? This is not an open question in this court. In *Knapp v. Bartlett*, 23 Wis., 68, this court held that articles exempted by subdivision 7 are exempted absolutely to all persons alike. The rule of that case is as broad as the statute, and every ex-emption that can be upheld in any case under subdivision 7, whether the exempted article be specifically named therein or not, must be upheld in favor of any debtor.

That a mower is a farming utensil, and that it may be ex-empt under certain conditions from seizure on execution (if its value does not exceed fifty dollars), we cannot doubt.

It is objected that there are no sufficient exceptions to en-able this court to review the instructions given to the jury. The objection is not well taken. The instruction contained in the foregoing statement of the case was duly excepted to; and, although it does not appear that all of the evidence is contained in the bill of exceptions, yet sufficient appears in the record to show the materiality of that instruction. We think the instruction erroneous. The jury should have been instructed that if the value of the mower was less than fifty dollars, the plaintiff had the right to hold it as exempt prop-erty; and that the sheriff should have delivered it up to him when he asserted his right and demanded the property.

*By the Court.* — The judgment of the circuit court is re-versed, and the cause remanded for a new trial.

RYAN, C. J., took no part.