Spikes vs. Burgess.

See note to this case in 27 N. W. Rep. 356.— REP.

SPIKES, Respondent, vs. BURGESS, Appellant.

*February 23 — March 16, 1886.*

*Execution: Exemption: Hearse is a " wagon."*

A hearse is a " wagon " and, as such, exempt from execution, under subd. 6, sec. 2982, R. S., as amended by ch. 117, Laws of 1882.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

"The defendant, as sheriff, seized the plaintiff's 'hearse' upon an execution against him. The plaintiff replevied the same on the ground that it was exempt. At the close of the testimony on the trial, the court directed the usual verdict in such cases for the plaintiff. From the judgment entered thereon the defendant appeals."

For the appellant there was a brief by *Pike & Van Keuren*, and oral argument by *Mr. Pike:* The meaning of the terms or words in question must be determined by their ordinary and familiar signification, as shown by authorities appointed, or of acknowledged competence, "to try out the right intendment of a law," or to illustrate or define its terms. *Ames v. Martin,* 6 Wis. 361; Dwarris on Statutes, 183. See, also, *Hegan v. Eighth Ave. R. Co.* 15 N. Y. 380; *Isaacs v. Third Ave. R. Co.* 47 id. 122; *Gordon v. Shields,* 7 Kan. 320; 2 Barn. & C. 518; Webst. Dict. WAGON, HEARSE. Though the courts will give the statute of exemptions a liberal construction, yet when a specific article is exempt the court will not extend the statute by construction. *Ames v. Martin, supra; Carty v. Drew,* 46 Vt. 346; Dwarris on Statutes, 203. The maxim *noscitur a sociis* is specially applicable in a case like this. *Bevitt v. Crandall,* 19 Wis. 583; *Gordon v. Shields,* 7 Kan. 320.

For the respondent there was a brief by *M. H. Eaton,* attorney, and *Gabe Bouck,* of counsel, and oral argument by *Mr. Bouck.* As to the construction of the word " wagon," they cited *Allen v. Coates,* 29 Minn. 46; *Gordon v. Shields,* 7 Kan. 325.

CASSODAY, J. The statutes of this state exempting certain property of the debtor from forced sale on execution were enacted under a constitutional mandate. Sec. 17, art. I, Const. Accordingly they have uniformly been liberally

construed by this court. This rule of construction must be adhered to. There is no controversy as to the facts. The simple question presented is whether a "hearse" may be exempt from "seizure or sale on execution" against the owner. The particular clause of the statute invoked by the plaintiff is that which gave him the privilege of holding as exempt "one *wagon*, cart, or dray, one sleigh, one plow, one drag, and other farming utensils, including tackle for teams, not exceeding two hundred dollars in value." Subd. 6, sec. 2982, as amended by ch. 117, Laws of 1882. The hearse is claimed to be a "wagon" within the meaning of this statute. It is described as a regular four-wheeled wagon,— the running gear being the same as any other wagon,— with a frame enclosed on the top, and with glass sides, front, and back, and used exclusively for a hearse,— for carrying bodies to the cemetery. "It is a carriage for conveying the dead to the grave." Webst. Dict. It is the superstructure which adapts it to this particular use; and the use which gives it the particular name. But the question of exemption is not dependent upon any distinctive use. The privilege of claiming a wagon as exempt is not confined to persons engaged in agricultural pursuits, nor any particular class of business. This was settled by this court, in effect, when it held that a physician might hold a horse and sleigh as exempt under this same subdivision of the statute. *Knapp v. Bartlett*, 23 Wis. 68. In that case it was said that "the articles there named are exempted absolutely and to all persons alike." See, also, *Humphrey v. Taylor*, 45 Wis. 251.

The learned counsel for the defendant admits that the privilege of exemption extends to every owner of a wagon, but insists that no vehicle can be a wagon, within the meaning of the statute, unless it is adapted to farm purposes or the carriage of ordinary freight or commodities or living persons. Undoubtedly such a vehicle may be a wagon, but the term is general, and there are a variety

of wagons, differing in style, form, and dimensions, depending upon the character of the use, the nature of the business, and the pleasure or notions of the manufacturer or owner. "A carriage or vehicle with four wheels." is a wagon. Worcest. Dict. It simply means "a wheeled carriage; a vehicle on four wheels, and usually drawn by horses; especially one used for carrying freight." Webst. Dict. "A vehicle moved on four wheels, and usually drawn by horses." Imperial Dict. The running gear of the hearse has the essentials of a wagon. With an ordinary superstructure no one would claim it was not a wagon. The character and style of the superstructure were merely to make it serviceable and attractive in a particular and very necessary line of industry. The mere fact that the superstructure differed from superstructures on most wagons did not prevent it from being a wagon. For the reasons given we hold it was a wagon.

*By the Court.*— The judgment of the circuit court is affirmed.