### In re ZIMMERMAN et al.

(District Court, E. D. Wisconsin. February 18, 1913.)

BANKRUPTCY (§ 397*)—RIGHTS OF BANKRUPTS—EXEMPTIONS—MEMBERS OF PARTNERSHIP—STATE STATUTES—"TOOLS AND IMPLEMENTS."

Wis. St. 1898, § 2982, subd. 6, allows a debtor to take as exempt certain specifically enumerated items of property, including a horse, with no limitation as to value save as to a wagon, plow, and other farming utensils including tackle for teams and stock in trade of any mechanic, miner, merchant, trader, or other person used or kept for carrying on his trade or business, not exceeding $200 in value. Held that, where the members of a firm become bankrupt, they were each entitled to select, under subdivision 6, a horse regardless of value, and a wagon, sleigh, tackle, etc., of value not exceeding $200, the fact that such items were used in the business of the firm not warranting a conclusion that they constituted "tools or implements" within subdivision 8, and also $200 in value of tools and implements under such subdivision.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. § 397.*

For other definitions, see Words and Phrases, vol. 8, pp. 7000–7005.]

In Bankruptcy. In the matter of bankruptcy proceedings of John H. Zimmerman and Furness W. Libby, bankrupts. On petition to review a referee's order allowing exemptions to the bankrupt. Reversed, with directions.

F. V. McManamy, of Oshkosh, Wis., for bankrupts.
Williams & Williams, of Oshkosh, Wis., for creditors.

---

GEIGER, District Judge. The bankrupts, copartners, applied for allowance of exemptions under the Statutes of Wisconsin, § 2982. Under subdivision 6 of this section, the debtor is allowed, specifically, certain enumerated items of property, with no limitation as to value save as to a "wagon, * * * plow * * * and other farming utensils, including tackle for teams, not exceeding two hundred dollars in value." By subdivision 8 are exempted "the tools, implements and stock in trade of any mechanic, miner, merchant, trader or other person used or kept for carrying on his trade or business, not exceeding two hundred dollars in value."

Each of the bankrupts claimed as exempt certain property, the one a horse, valued at $125; a delivery wagon, a set of harness, a sleigh and blankets, valued at $51.50; a computing scale and a register, the latter used in the business and valued at $175; also household furniture valued at $200. The other claimed one horse, valued at $125; a harness, wagon, sleigh, and blankets, valued at $46.50; certain quantity of seed valued at $181.95. Each bankrupt also claimed certain insurance policies, not now considered.

The trustee allotted to the bankrupts, jointly, the two horses, two sets of harness, wagons, and sleighs, but refused to recognize their claims to implements, tools, or stock in trade. The referee, however, held that each bankrupt was entitled to an exemption to the amount of $200 in value, holding that, as all of the property belonged to the partnership, the special exemptions claimed, such as horses, wagons, etc., were part of the tools and implements, and that neither was entitled to any specific exemptions in these different articles; that the bankrupts may select "from the special articles designated, or the stock in trade or both, to the amount of $200 each, and no more."

I think that under subdivision 6, above mentioned, each bankrupt was entitled to select, as specifically exempt, the items coming within its terms—a horse, regardless of value; and wagon, sleigh, tackle, etc., of a value not exceeding $200. Knapp v. Bartlett, 23 Wis. 68, 99 Am. Dec. 109; In re Friederick (D. C.) 95 Fed. 284; In re Friedrich, 100 Fed. 284, 40 C. C. A. 378; Spikes v. Burgess, 65 Wis. 428, 27 N. W. 184. The mere fact that such specific items of property may have been used by him in the conduct of a business does not warrant treating them as "tools or implements" if they are not ordinarily and fairly to be treated as such. This is obviously true of a horse. As indicated in Cunningham v. Brictson, 101 Wis. 382, 77 N. W. 740, if a debtor chooses, in lieu of stock in trade valued at $200, to select "tools and implements" of like value, he may do so. Indeed, no one could complain because no one could suffer. But here he is deprived of the benefits of the specific exemptions awarded by subdivision 6, by compelling him to include the items of property therein enumerated in his selection under subdivision 8.

The conclusion is that each bankrupt was entitled to claim specific exemptions under subdivision 6, and also exemption of tools and implements or stock in trade of the value of $200 under subdivision 8; and the referee's order is reversed, with direction to allow the same accordingly.