Cuddy vs. Foreman.

CUDDY, Respondent, vs. FOREMAN, Appellant.

*September 25 — October 12, 1900.*

*Vendor and purchaser of land: Oral agreement: Statute of frauds: Recovery of earnest money: Evidence: Change of possession: Court and jury: Refusal of wife to sign mortgage: Failure of title: Damages.*

1. In an action to recover earnest money paid on an oral agreement for the purchase of a hotel, owned by the vendor and vendee as tenants in common and operated by them in partnership, one of the

important questions was whether the vendee (the plaintiff) was put into possession of the hotel pursuant to the alleged oral contract. There was evidence tending to show the affirmative of that proposition, and that the plaintiff had exercised exclusive control over the property. On cross-examination plaintiff, who had testified that he did not take possession thereof. was asked if, during such time, he did not assume to be the owner of the property and offer to sell it to K. An objection to such question as immaterial was sustained. *Held*, that the evidence was material, as tending to show whether the conduct of the plaintiff was consistent or inconsistent with his claim that no change in possession had taken place.

2. Such evidence was also admissible as original, independent evidence. because it bore upon the credibility of the plaintiff's testimony, because it tended to explain the purpose of the parties in respect to the acts on which the claim of change of possession in fact took place, and because the only objection made was that it was immaterial.

3. Where the defense interposed in such case was that plaintiff was so put into possession as to take the oral sale out of the statute of frauds, it was error to exclude evidence tending to show that, while the alleged vendee was in exclusive possession, he conducted the business for his sole benefit and profit, such evidence being admissible as explaining the nature of the vendee's possession. ·

4. In such a case evidence tending to show that a deed of the hotel from plaintiff to defendant, reciting a consideration of $2,500, was executed and delivered in pursuance of a second oral contract, whereby, among other things, all existing claims, including that on which the action was brought, were mutually released, should have been admitted. It did not contradict the deed, which did not purport to evidence the entire contract, and was directed to the establishment of the entire contract.

5. The fact that the wife of the vendee in an oral contract for the sale of land refused to sign a mortgage required to be given in order to enable him to carry out such contract, and that thereupon the vendor told him he might have time to carry out the deal, did not change the vendor's right to insist upon the contract being carried out as before. nor make the contract conditional.

6. In an action to recover back earnest money paid on an oral contract for the conveyance of land, the question whether there was a change of possession of the property — thus taking the contract out of the statute of frauds — is for the jury, if there is credible evidence from which a finding in that regard could reasonably be

Cuddy vs. Foreman.

made in the vendor's favor: it is not necessary that such change be established beyond dispute.

7. The fact that the vendor in an oral contract to convey an interest in land is not the owner of the entire interest he contracts to convey does not affect the validity of the contract. If he puts the vendee into possession so as to take the contract out of the statute of frauds, he becomes liable to him in damages to the extent to which he is unable to perform his agreement.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover $100 paid by plaintiff on a verbal agreement to purchase an undivided one-half interest in a hotel and the furniture therein, on the ground that the agreement was void by the statute of frauds. Defendant answered that plaintiff took immediate possession of the property as owner upon payment of the $100, and retained and enjoyed the property exclusively for a considerable period of time, when it was agreed that the trade should be declared off and that defendant should retain the $100 as damages, and that, pursuant to such agreement, plaintiff redelivered possession of the property to defendant. Defendant further answered that, on or about the time the trade was declared off, plaintiff conveyed to defendant and his partner, William Foreman, a one-half interest in the furniture contained in the hotel and the books and books of account of the firm of Cuddy & Foreman Bros., who had theretofore run the hotel, and also released defendant and said William Foreman from all claims he had against them or either of them, for the sum of $2,500.

At the close of the evidence the court directed a verdict in plaintiff's favor for the amount of his claim, upon the ground that there was no proof of a settlement between the parties and release of the claim in suit; that the verbal contract of sale of the hotel property was not in all its terms clearly shown; and that it was not shown beyond dispute that possession of the property was delivered to plaint-

iff pursuant to the verbal agreement.   Defendant excepted to adverse rulings on questions of evidence and to the grant-ing of plaintiff's motion for the direction of a verdict.   Judg-ment was entered in plaintiff's favor, and defendant ap-pealed.

*Daniel H. Grady*, for the appellant.

*J. H. Rogers*, for the respondent.

MARSHALL, J.   One of the important questions presented by the pleadings was in regard to whether respondent was put in possession of the subject of the sale pursuant to the alleged verbal contract between him and appellant.   There was evidence tending to establish the affirmative of that proposition, and that for a period of about eleven days re-spondent exercised exclusive control of the property.   For the purpose of explaining the nature of respondent's posses-sion during such period, he was asked on cross-examination if he did not, during that time, assume to be the owner of the property and offer to sell it to C. W. Kelly.   That was, objected to as immaterial and the objection was sustained. No reason is perceived why the evidence was immaterial. Plaintiff claimed that he did not take possession of the property, and that the delivery of the keys to him, and other acts indicative of a change of possession in accord-ance with the verbal contract, were not intended by the parties to have that effect.   In that situation, evidence of the conduct of plaintiff, after the happening of the events. which point to a change of possession of the property, con-sistent with such change and inconsistent with his claim that no change in fact took place or was intended, was. proper.   The evidence was admissible on cross-examination because it bore on the credibility of the evidence of re-spondent that he did not take possession of the property as claimed by appellant.   It was admissible as original, inde-pendent evidence, because it tended to explain the purpose

of the parties in respect to those acts upon which the claim that a change of possession in fact took place was based; and it was proper to draw out the evidence on cross-examination independent of the examination in chief, the witness being a party; and further, because the only objection made was that the evidence was immaterial. *Weadock v. Kennedy*, 80 Wis. 449.

The subject of the competency of evidence of the character of that called for by the question under discussion was considered at considerable length by this court in *Roebke v. Andrews*, 26 Wis. 311. In delivering the opinion of the court Mr. Justice PAINE said, the doctrine rests on the elementary principle "that statements accompanying any act explanatory of its character are admissible in connection with the act itself." That principle will be found applied in a great variety of circumstances, as will be seen by an examination of the cases cited in the opinion. In *Kelley v. Kelley*, 20 Wis. 443, statements of a person as to his purpose in placing a building on land of which he was possessed were held material on the question of whether the building became a part of the real estate. In *Meade v. Black*, 22 Wis. 241, the plaintiff endeavored to show possession of real property by proof that the person actually occupying it was his tenant. The declaration of the occupant explanatory of his possession was held to be material. In *Hollister v. Young*, 42 Vt. 403, a party was permitted to show the circumstance of his bringing an action for trespass to realty while he was in possession thereof as bearing on the question of whether his possession was adverse. In *Perkins v. Blood*, 36 Vt. 273, 282, the circumstance that a person, when applied to to sell certain property of which she was formerly possessed, replied to the plaintiff that she would not sell the property, that she intended her brother should enjoy it as long as he lived, was held admissible as bearing on the fact in issue of whether such person, when she left the property, intended to aban-

don it.   In *Blake v. Graves*, 18 Iowa, 312, offers made by a person, while in possession of property, to sell it, were held admissible as bearing on the question of whether the possession was that of owner.   These illustrations amply show that the evidence ruled out should have been received.   It had a material bearing on the question of whether plaintiff was in possession of the property as sole owner.   That, obviously, could not have been the case unless there had been a change of possession pursuant to the verbal contract so as to take such contract out of the statute of frauds.

If circumstances which characterize and explain human action, when so closely connected therewith as to fall within the limits of *res gestæ*, were not permitted to be given in evidence, the judicial search after truth would often fail where common sense and common reason point clearly the way to the desired object.   Of course it requires careful attention and the exercise of sound judgment and discretion on the part of a trial judge, to determine when circumstances are so closely connected with the main fact in issue as to characterize and explain it, and on that ground to render proof of such circumstances admissible in evidence.   There comes in the judicial function, and when it is exercised the result will not be disturbed unless the ruling appears to be clearly wrong.   Errors in such matters will not often occur if the guides laid down in the books are carefully observed. " The principal points of attention are," says Prof. Greenleaf, " whether the circumstances and declarations offered in proof were contemporaneous with the main fact under consideration, and whether they were so, connected with it as to illustrate its character."   1 Greenl. Ev. § 108.

Evidence was offered and ruled out to show that during the period appellant claimed respondent was in exclusive possession of the hotel property, he conducted the business for his sole benefit and profit.   The evidence should have been received.   If respondent controlled the property to the

exclusion of appellant, and conducted the business as the
only person interested therein, those circumstances were
clearly admissible as explanatory of the nature of the pos-
session, within the rule above discussed.   The evidence was
not material as showing an offset to or payment, in whole
or in part, of respondent's claim, but it was material in
that the circumstance was consistent with appellant's theory
that there was a change of possession of the property pur-
suant to the alleged verbal contract of sale and inconsistent
with the opposite theory.   It bore directly upon one of the
vital questions in issue.   Circumstances so closely connected
with an act as to be inseparable from it and to point with
reasonable clearness to its nature, are under some circum-
stances the strongest kind of evidence.   Any number of
witnesses, testifying directly contrary to the truth, pursuant
to an agreement upon the false story, may relate it in such
a way as to defy all efforts to discover the truth by oppos-
ing direct evidence; yet proof of the circumstances accom-
panying the conduct of the person under investigation may
point to where the truth lies with such certainty as to leave
no reasonable doubt in respect to it.

Evidence was received that appellant and his partner,
William Foreman, a short time after the aforesaid verbal
agreement was declared off, made an agreement with re-
spondent whereby the former were to give the latter $2,500
for his interest in the hotel property and pay the outstand-
ing indebtedness against appellant and respondent, as the
firm of Cuddy & Foreman Bros., and to release respondent
from all claims held by them against him, and in consider-
ation thereof respondent agreed to sell such property to ap-
pellant and said William Foreman on such terms, including
respondent's interest in the book accounts of the firm of
Cuddy & Foreman Bros., and to release appellant and said
William Foreman from all claims which respondent had
against them or either of them; that a conveyance of re-

spondent's interest in the hotel property was made accordingly, expressing a consideration of $2,500. On respondent's motion to strike out that evidence, the court ruled that it might stand, though not competent for any purpose other than to show the nature of the previous conduct of the parties as regards a change in the possession of the property, pursuant to the first alleged verbal contract, and that on such subject it was rather in favor of respondent than against him. Further evidence was offered to show the scope of the second verbal agreement and that it included a release of the claim in suit, which was ruled out on the theory that, the verbal contract having been closed by the deed, the transactions leading up to that could not be inquired into by parol evidence.

The purpose of the rejected evidence was to show the actual consideration for the deed,— that it included, among other things, the claim in suit. It did not tend to contradict or vary any written contract, but to prove those parts of the entire verbal contract not included or intended to have been included in the deed. The evidence was admissible upon elementary principles and according to repeated decisions of this court. *Mills v. C. & N. W. R. Co.* 103 Wis. 192; *Kickland v. Menasha W. W. Co.* 68 Wis. 34; *Becker v. Knudson,* 86 Wis. 14, 18; *Beckman v. Beckman,* 86 Wis. 655, 660; *Salter v. Bank of Eau Claire,* 97 Wis. 87; *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275, 278; *Stites v. Thompson,* 98 Wis. 330; *Hannan v. Oxley,* 23 Wis. 519.

The general rule is that the consideration expressed in a deed is not conclusive; that parol evidence is admissible to show that the conveyance was based upon a different consideration than that expressed. That rule has this limitation: parol evidence is not admissible to show a different consideration than that expressed in the writing if it be inconsistent therewith. *Powers v. Spaulding,* 96 Wis. 487. In the case before us the evidence rejected was directed to the

establishment of the entire contract between the parties, a part of which only was executed by the making and delivery of the deed. It did not contradict the deed, because the writing did not purport to evidence the entire contract. It was clearly admissible. *Frey v. Vanderhoof*, 15 Wis. 397; *Ballston Spa Bank v. Marine Bank*, 16 Wis. 120; *Hubbard v. Marshall*, 50 Wis. 322.

What has been said requires a reversal of the judgment, but the reasons given by the circuit court in granting the motion to direct a verdict in respondent's favor are challenged as insufficient, and will be considered in order to prevent a repetition of errors committed in granting such motion. Such reasons are: (1) there is nothing to show that the claim of $100 was included in a settlement between the parties at the time the deed was made of respondent's interest in the hotel property to appellant and his partner; (2) the verbal contract was conditional; (3) if the contract was not conditional, the facts and circumstances do not show, without dispute, as they should in order to submit the question to the jury, that there was a surrender of the subject of the contract of sale to respondent.

1. The answer to the first reason above mentioned is that the evidence, offered to show that the claim for $100 was settled at the time of the consummation of the second trade, was rejected by the court. It was not the fault of appellant that the trial closed without any evidence being produced to sustain his defense of settlement. That situation was brought about by the error of the trial court, and obviously cannot be sustained as a good ground for holding that the defense of settlement failed.

2. The fact that respondent's wife refused to sign a mortgage in order to enable him to carry out the verbal contract, and that, upon appellant being informed thereof, he said to respondent that he might have time to carry out the deal, is the foundation for the learned court's decision that the evi-

dence shows that the contract was conditional. The record shows that when the verbal contract was entered into it was not made to depend on respondent's wife signing a mortgage. The idea that there was a condition affixed to the agreement seems to be wholly without evidence to sustain it. After the agreement was completed, the down payment of $100 made, and respondent placed in the absolute possession of the property, according to appellant's claim, respondent stated to him that he would probably lose his $100 because his wife would not sign a mortgage. Upon such statement being made, appellant said he was not in any hurry and that respondent might have time. That did not change the contract previously entered into in any respect. Appellant had the same legal right to insist upon its being carried out as before, though he was morally bound to allow respondent a reasonable time to raise the money to complete his payment. If there was actually a change of possession of the property, so as to take the verbal agreement out of the statute of frauds, the nonconsent of the wife to assist her husband in raising money to complete the purchase obviously was no defense to an action for specific performance.

3. We are unable to understand upon what principle of law the trial court relied in deciding that the controversy as to the making of the verbal contract could not be submitted to the jury so long as the fact of a change of possession of the property pursuant to such contract was not established by evidence beyond dispute. The ruling strikes us as so palpably erroneous as not to justify saying more than is necessary to so decide. Certainly the controversy as to a change of possession of the property was for the jury to decide so long as there was credible evidence upon which a finding in regard to it could reasonably be made in appellant's favor. The ordinary rule, as to when a question ceases to be one of fact for the jury and becomes one of law

for the court because only one reasonable inference in regard to it can be drawn from the evidence, applies to this case the same as to all other jury cases. Appellant testified that he and respondent met at the hotel on Monday morning; that after some conversation respecting either one or the other becoming sole owner of the property, respondent said: "I will give or take $3,500 for a one-half interest and assume the mortgage;" that appellant replied, "If you buy me out I step right out;" to which respondent said, "Yes;" that appellant then said, "You can have it;" and respondent replied: "All right. A bargain is a bargain. Now I will give you $100 down to bind the bargain;" that thereupon the money was produced and paid; that about noon appellant delivered to respondent his keys to the cellar, the safe, and the mail box, saying, "I am through, I have got nothing more to say here;" that he had nothing further to do with running the hotel business for some eleven days, during which time respondent occupied the property and managed the business as his own. Appellant further testified that in the afternoon of the day the trade was made, respondent remarked to him that he would have to lose his $100 because his wife would not sign a mortgage to enable him to raise the balance of the purchase money, and that appellant thereupon said to respondent: "You said when you bought me out that you had the money. You can have a week or ten days, or two weeks if you want. I am in no hurry. You go right along and do the business." Respondent's version of the verbal contract does not differ materially from appellant's. It appears to be established beyond controversy, leaving as the sole dispute on this branch of the case the question of whether there was a change of possession of the property so as to take the contract out of the statute of frauds. On that issue there was the evidence of appellant, which, if true, established the fact in his favor. It was corroborated by the bookkeeper and by a number of

circumstances. In that situation of the case there was certainly no warrant for taking the case from the jury. If the change of possession occurred as claimed by appellant, the contract was taken out of the statute of frauds and the down payment of $100 became appellant's property. If there was not such part performance of the verbal contract as to take it out of the statute of frauds, but the claim of respondent for a return of his $100 was a part of the consideration for which he received the $2,500 mentioned in the deed, the $100 became the property of appellant.

A point is made that appellant did not own an undivided one-half interest in the property and that it is not shown that he had authority to sell any other interest than his own. That is immaterial. If he agreed to sell an undivided one-half interest in the property and put the respondent in possession of the subject of the sale, so as to take the contract out of the statute of frauds, then a cause of action for specific performance was perfect and he became liable in damages to the extent that he was unable to perform his agreement. *Conrad v. Schwamb*, 53 Wis. 372.

To recapitulate: The court erred in rejecting evidence of circumstances characterizing the possession of the property by respondent after the making of the verbal contract, which tended to show a change of possession as alleged by respondent. The court further erred in holding that the making of the deed, in part execution of the verbal agreement regarding a sale of respondent's interest in the property to appellant and his partner, precluded appellant from saying that such agreement included a settlement of the claim in suit. The court further erred in granting the motion for a verdict in respondent's favor, such error reaching each and all of the grounds assigned for the ruling.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.

CASSODAY, C. J., took no part.