BUTT, Respondent, vs. SMITH, Appellant.

*March 25—April 19, 1904.*

*Contracts: Sale of land: Consideration: Mistake: Parol evidence: Recovery of overpayment.*

Where, pursuant to an oral agreement for the sale of a tract of land at a certain price per acre, the land was conveyed, but, by a mutual mistake of the parties as to the real number of acres, the consideration recited in the deed and actually paid

was excessive, the agreement was not merged in the deed, but may be shown by parol evidence, and the overpayment may be recovered. *Ohlert v. Alderson,* 86 Wis. 433, distinguished.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge.. *Affirmed.*

This is an action to recover $105.80 as an overpayment on a conveyance of land. Respondent alleges that he and appellant entered into an oral agreement whereby appellant agreed to sell and convey to him the east half of the northeast quarter of section 36, township 13, range 5, at an agreed price of $50 an acre, and that it was mutually agreed and understood that the tract conveyed contained eighty acres, and that the amount paid was computed upon such belief and understanding. Pursuant to the agreement, appellant conveyed the tract of land by deed reciting that it was "for and in consideration of the sum of four thousand dollars," paid him by respondent, the receipt whereof was acknowledged in the deed, and the land so conveyed to respondent was therein described as follows: "The east half of the northeast quarter of section 36, township 13, range 5." The deed was delivered to respondent, who paid the appellant the $4,000 as the consideration, took possession of the premises, and is still in possession of them. Shortly after the conveyance, respondent caused the tract to be surveyed, and found that it contained only 77.88 acres. He demanded repayment of the *pro rata* part of the consideration for such shortage, which was refused by appellant. He then brought this action to recover the overpayment upon the ground that he and appellant made a mistake in computing the amount of the consideration to be paid under the agreement for the land actually conveyed by the deed. There is no claim of fraud in the case. Respondent admits that he has received the full tract purchased by him, but asserts that through this mistake in computing the consideration to be paid for the number of acres conveyed he overpaid respondent the sum of $105.80.

Appellant objected to the reception of any evidence under the complaint upon the ground that respondent had accepted the deed describing the land as an entire tract at the agreed gross sum of $4,000, and that he could not show any prior oral agreement of sale at a stipulated price per acre for the actual number of acres conveyed after having accepted the deed and paid the consideration. The case was submitted to the jury, who under proper instructions found that the parties made a mistake as to the number of acres in the tract, and that this resulted in an overpayment of the sum claimed, and that respondent was entitled to recover the same. The court awarded judgment for the amount of damages and for costs. This is an appeal from the judgment.

*H. P. Proctor,* for the appellant, cited *Marvin v. Bennett,* 26 Wend. 169; *Wood v. Murphy,* 47 Mo. App. 539; *Frenche v. Chancellor,* 51 N. J. Eq. 624, 27 Atl. 140; *Pringle v. Rogers,* 193 Pa. St. 94; *Williams v. Hathaway,* 19 Pick. 387; *Ohlert v. Alderson,* 86 Wis. 433; *Howes v. Barker,* 3 Johns. 506; *Lane v. Parsons,* 108 Iowa, 241, 79 N. W. 1039; *Wilson v. Riddick,* 100 Iowa, 697, 69 N. W. 1039.

For the respondent there was a brief by *C. W. Graves* and *C. M. Butt, Jr.,* and oral argument by *Mr. Graves.*

SIEBECKER, J. Respondent's right to recover in this action is predicated upon the claim that he overpaid appellant for the land conveyed to him by the deed through the mutual mistake of himself and appellant as to the number of acres included in the tract of land. He asserts that before the deed was executed and delivered it was agreed between himself and appellant, as owner of the farm, that he would buy it and pay therefor at the rate of $50 per acre; that he and appellant mistakenly believed that it contained eighty acres, and that they computed the amount of the consideration as expressed in the deed upon that basis. The jury, under full and proper instructions upon the issues, found that respond-

ent was to pay for the farm at the rate of $50 per acre for the number of acres actually conveyed, and that there was an overpayment to the amount claimed by respondent, due to the fact that both parties labored under the mistake as to the number of acres in the tract at the time of the negotiations and when the consideration was paid.

Appellant contends that parol evidence of the preliminary agreement cannot be received, upon the ground that this preliminary agreement for the sale and purchase of the farm merged in the deed, and such parol evidence would alter, vary, or contradict it. That this rule does not apply to the consideration expressed in the deed is confirmed by many decisions. Parol evidence is admissible to show the real consideration of the conveyance, though it be different from that expressed in the deed, if it be consistent therewith. *Powers v. Spaulding,* 96 Wis. 487, 71 N. W. 891; *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681. Nor is the deed conclusive upon the parties when it appears that the amount of the consideration was computed upon a mutual mistake of the parties as to the quantity of land actually conveyed. Whenever the fact appears that the deed does not express the previous agreement of the parties by reason of mutual mistakes, courts of equity have not hesitated to grant relief to meet the exigencies of the situation in conforming the nominal agreement to the real one, or by an abatement from the purchase money when the mistake was susceptible of correction in this way. *Darling v. Osborne,* 51 Vt. 148; *Hill v. Buckley,* 17 Ves. Jr. 394; *Paine v. Upton,* 87 N. Y. 327; *Hubbard v. Marshall,* 50 Wis. 322, 6 N. W. 497. Recovery has been awarded in cases wherein it appeared that land was purchased under a preliminary agreement, which was not intended to be fully embodied in the deed, but which fixed the terms of the sale by the acre, and wherein it appeared that there was an overpayment of the purchase price through the

mutual mistake of the parties as to the actual number of acres included in the tract conveyed. The ground of recovery in such cases is based upon the preliminary contract, which has been in part performed by the conveyance and payment of the consideration, but which has not been wholly merged in the deed. The additional elements of such contracts, relied on for a recovery, must be such as are not embodied in and in no way contradict, vary, or modify the effective part of the conveyance as agreed to and accepted by the parties. This relief is given upon the equitable consideration that the overpayment resulted from a mutual mistake of the parties, which should preclude either from reaping an advantage to the injury of the other on account of such error. Since such circumstances do not require a reformation of the deed, there is nothing which calls for the extraordinary powers of the court of equity. The controlling question is, Was there an overpayment under terms of the contract of sale, which terms have not been merged in the deed? If so, the vendor ought to be held liable therefor to the vendee in an action for money had and received. The cases upon this subject, though seemingly somewhat in conflict, can be harmonized by distinguishing those which pertain to transactions which are merged and embodied in the deed and those wherein recovery is sought to be enforced upon the terms of the preliminary contract not embodied in and merged in the conveyance. *Witbeck v. Waine,* 16 N. Y. 532; *Cardinal v. Hadley,* 158 Mass. 352, 33 N. E. 575; *Ludeke v. Sutherland,* 87 Ill. 481; *Green v. Batson,* 71 Wis. 54, 36 N. W. 849; *Ohlert v. Alderson,* 86 Wis. 433, 57 N. W. 88; *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800; *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681. The language in the opinion of *Ohlert v. Alderson, supra,* when disassociated from the facts in the case, may be interpreted to include the instant case; but when applied to the facts then before the court it will be observed that the

case is clearly distinguishable from the case now before us. In the *Ohlert Case* the preliminary contract of sale was in writing, embodying agreements of the parties which were merged in the deed. The court stated the grounds of the decision thus:

"The contract and deed clearly stated a sale and conveyance of what may be aptly termed as a 'lump quantity' for a definite gross sum, and as there was no allegation of fraud or mistake, parol evidence to the contrary was certainly inadmissible; and it was wholly immaterial how the parties arrived at the sum to be paid, or whether there was any discussion or understanding as to the quantity of the land. All these matters are merged in the written *instruments,* and their language is decisive and final."

We must hold that the terms of the agreement, fixing the price of the land at $50 per acre, were not incorporated and merged in the deed, and that the objection to the reception of any evidence under the complaint was properly overruled.

The errors assigned upon the instructions given bear upon the same question, and therefore require no further consideration.

*By the Court.*—Judgment affirmed.