## BEVARD et v DRUCKER

Ohio Appeals, 1st Dist, Hamilton Co

No 3998. Decided March 14, 1932

Max Rafalo, Cincinnati, for plaintiffs in error.

Cramer & Gordon, Cincinnati, for defendant in error.

HAMILTON, J.

It is the law that justices of the peace shall not have jurisdiction of actions in which the title to real estate is drawn in question. This rule is made to apply to the Municipal Court of Cincinnati by statute. However, the action, as disclosed by the bill of particulars, was for money for rent and for unpaid taxes. The title to the property was not drawn in question by the bill of particulars.

The answers of defendants are in substance that since the 18th day of September, 1929, defendants' equity in the real estate, described in plaintiff's bill of particulars was returned and assigned to her in consideration of her releasing them from any and all obligations assumed under the lease, and denies generally the other allegations of the plaintiff's bill.

It is only through these answers that any question, calling for the exercise of general equity jurisdiction or the title to the real estate is drawn in question. It has been decided by the Supreme Court of Ohio that the defendant by answer may not destroy the jurisdiction of the court. **Nicholas v Patterson, 4 Ohio, 200.** See also:**Bridgman v Wells, 13 Ohio, 43.**

Moreover, no answer or other pleading had been filed when the court was called upon to rule on the demurrer to the bill of particulars. Therefore there being no allegations in the bill of particulars calling for the exercise of general equity jurisdiction nor calling in question the title to the real estate, the demurrer was properly overruled.

The remaining question for consideration is, whether or not the Municipal Court committed error in directing a verdict for the plaintiff.

As above stated, answers were filed by the defendants, Bevard and Dauber, which in substance set up the execution and delivery of the deed from Bevard, the last owner of the leasehold, to Rose Drucker, the owner of the fee, executed on the 18th day of December, 1929, by which deed, he (Bevard) conveyed all of his equity in the real estate described in the plaintiff's bill of particulars in consideration of the plaintiff releasing him from any and all obligations which he assumed as an assignee of the lease.

The deed in question having recited the consideration to be "one dollar and other good and valuable considerations," the trial court admitted evidence on the part of the defendant, tending to prove that the consideration for the deed was a release of Bevard and his assignors of all his rights under the lease and the equity claimed, for and in consideration of the release of the lessees of all obligations under the lease.

At the close of all the evidence, the trial court sustained a motion for an instructed verdict, evidently on the theory that the lease, having provided that on default the lease should be void, there was no consideration moving from Bevard to Drucker, as he had nothing to convey.

The Municipal Court entered judgment on the instructed verdict. Dauber and Bevard prosecuted error to the Court of Common Pleas, which court agreed with the Municipal Court and affirmed the judgment. From that judgment, error is prosecuted to this court.

The clause in the lease providing that upon default, the lease should be void, can only be construed as a forfeiture provision. It could not have been intended that upon default in payments the lease should be void ab initio as a literal construction would imply. A forfeiture would have to be declared. The law does not favor forfeitures. Had Bevard at the time of the execution of the deed exercised his option of purchase with a tender of back charges, he would have been entitled to a conveyance of the fee to him by Drucker. The lease did not provide for a reconveyance by warranty deed by the lessee upon default. While the lease uses the language suggested, it does not deprive the lessee of possession. He was in possession at the will of the lessor, and could remain so until the lessor declared a forfeiture and evicted the lessee.

Further, it was admitted that there had been substantial payment on the purchase price, allocated under the terms of the lease. There is no provision in the lease that the lessor should retain the purchase money paid in. The privilege of purchase creates an equity in the land. It was so decided in the case of **Cullen & Vaughn Co. v Bender, 122 Oh St, 82,** where it is stated in the second paragraph of the syllabus:

"A lessee of land in possession under a lease for a term of years which contains a stipulation that lessee may purchase the fee at any time during the term of the lease for a sum stated **creates in the lessee an interest which inheres in the land from the date of the execution and delivery of the lease. * * *"**

In the brief of defendant in error the case of **Gilbert v Ives, 28 Oh St, 276,** is cited and relied upon to the effect that where a lease is both a lease and an option to purchase, it remains only a lease until the elec-

316

tion of purchase is made. This is in effect overruled by the case of Cullen & Vaughn Co. v Bender, supra.

In the opinion in the Bender case the Court distinguishes the Ives case and approves and limits that decision to cases where fire insurance is involved, but necessarily overruled the general proposition that the privilege of purchase creates no interest in the land.

Our conclusion is that the "void" clause in the lease did not extinguish all of the rights of the lessee in case of default, but gave to the lessor the right to declare a forfeiture and repossess the property; that the privilege of purchase provided for in the lease and the payment of a part of the principal created an equity in the land valuable to the lessee. The surrender of the premises without court action or expenses to the lessor and the clearing of the title to the real estate, beclouded by the lease and the numerous assignments and the provisions thereof, were rights, the release of which would constitute sufficient consideration for the release of arrearages for rent and taxes. The contract according to the evidence was carried out by the execution and delivery of the deed from the lessee to the lessor. Where a deed recites "other good and valuable considerations," the true consideration is always open to proof by oral testimony.

The trial court therefore erred in instructing a verdict for the plaintiff and entering judgment on the verdict. The judgment of the Municipal Court and that of the Court of Common Pleas, affirming the judgment of the Municipal Court, are reversed, and the cause will be remanded to the Municipal Court of Cincinnati for a new trial.

ROSS, PJ, and CUSHING, J, concur.