WARNER, RESPONDENT, v. JOHNS, APPELLANT
No. 8815.
Submitted January 13, 1949. Decided January 21, 1949.
201 Pac. (2d) 986.

284

Stanley M. Doyle, of Polson, and William F. Shallenberger, of Thompson Falls, for appellant. Mr. Doyle argued the cause orally.

A. S. Ainsworth, of Thompson Falls, for respondent.

MR. JUSTICE ANGSTMAN:

Plaintiff, as the former wife of defendant, brought this action to recover the sum of $400 from the defendant.

The complaint contains two separate causes of action but since the court found against the plaintiff on the second cause we need consider only the first one. Plaintiff alleges that in October 1946 she left the defendant with the intention of living separate and apart from him and instituting an action for divorce. She alleges in substance that at the time of leaving the defendant he proposed to her that if she would not ask for suit money, attorneys' fees, costs or a division of their property in her divorce action, he would pay her the sum of $400; that she thereafter instituted a divorce action; that defendant induced

and persuaded her to sign a release and relinquishment of all her rights in the real property which plaintiff and defendant had purchased as their home in Sanders county and for which they paid $800, which money had been saved and accumulated through and by their joint efforts over a period of many years; that after obtaining plaintiff's signature to the release, defendant induced plaintiff to dismiss her divorce action and to return to their home; that the reconciliation was of short duration because of defendant's misconduct and plaintiff in a few weeks again left him and filed another suit for divorce and again failed to ask for costs, suit money, attorneys' fees or her rights in the real estate upon the promise again made and renewed by the defendant that he would pay her the sum of $400 upon the divorce being granted; that she obtained a decree of divorce from defendant in April 1947 and has since remarried; that she has demanded the payment of the $400 since obtaining the divorce but defendant has failed and refused to pay her that amount or any sum whatever; that the real estate occupied as a home by the parties and embraced in the release was of the reasonable value of not less than $1,000 and that had it not been for the deception and fraud practiced upon her by defendant in having her execute the release above mentioned and his promise to pay her the sum of $400, she would have demanded a one-half interest in the property in her complaint for divorce and also costs and attorneys' fees.

Defendant in his answer admits that plaintiff signed the release referred to in the complaint and alleges that she did so pursuant to a written agreement made between the parties on November 9, 1946, reading:

"Whereas the parties hereto can no longer live together in harmony as husband and wife, and the said Barbara Johns has instituted a suit for divorce against the defendant, and it is the desire of the parties hereto to make full and final settlement of their property.

"Now therefore, it is hereby mutually understood and agreed by and between the parties hereto, for and in consideration of

the covenants, promises and representations herein made on the part of each of the parties hereto respectively, as follows, to-wit:

"1. That said Barbara Johns may have all the household furnishings and personal property as her own, which she has heretofore taken from the former home and residence of the parties hereto near the town of Thompson Falls, Montana.

"2. Said Barbara Johns will deed all of her interests in and to the said home and real estate of the parties hereto, to said Walter R. Johns.

"3. That this agreement is made as full and final settlement of all property rights of the parties hereto and is made in lieu of any court cost award for support monies, costs or attorney fees, and shall be fully binding upon both parties to the full extent allowable.

"4. This agreement is made without reference to the disposition of the said divorce suit now pending or any other possible divorce suit, and does not affect any legal rights or grounds for divorce, or possible defense thereto, which may exist in either of the parties hereto."

The answer further alleges that the conduct of the plaintiff was such that she was not entitled to any award by any court owing to her unfaithfulness to the defendant and that she had taken two truck loads of property from the family home and thereafter had expressed herself as having taken all that she wanted to take and denies the other allegations of plaintiff's complaint.

The release or quitclaim deed signed by the plaintiff was introduced in evidence. It recites a consideration of one and no/100 dollars and other considerations.

The court made findings of fact and conclusions of law in favor of the plaintiff wherein the court specifically found that it was agreed between plaintiff and defendant that the plaintiff would not ask for any support money, attorneys' fees or alimony in the divorce action and that it had been agreed that the real property involved in the quitclaim deed would be consid-

ered of a value of $800 and that each one was to receive one-half the proceeds therefrom or the value thereof, being the sum of $400, which the defendant promised and agreed to pay to the plaintiff.

The court found that the "other considerations" mentioned in the deed were the $400 which the defendant was to pay to the plaintiff and which had never been paid.

From these findings the court concluded that the plaintiff was entitled to judgment in the sum of $400, which was accordingly entered. The defendant has appealed from the judgment.

There is ample evidence in the record to sustain the findings of the trial judge and to warrant the judgment in plaintiff's favor if the evidence was properly received. Defendant contends that the court erred in admitting evidence of the negotiations between the parties relative to the payment of $400, it being his contention that the written agreement may not be altered by oral testimony regarding the prior negotiations.

The general rule is as contended for by defendant. It is so provided by our statute (sec. 7520, Rev. Codes 1935), which reads: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

Were the release or quitclaim deed the only instrument involved then the stated consideration of one dollar and "other considerations" could have been explained by oral testimony. Cashion v. Bank of Arizona, 30 Ariz. 172, 245 Pac. 360; Herrin v. Abbe, 55 Fla. 769, 46 So. 183, 18 L. R. A., N. S., 907; Klingensmith v. Klingensmith, 193 Iowa 350, 185 N. W. 75; Blum v. Planters' Bank & Trust Co., 161 Miss. 226, 135 So. 353; Bevard v. Drucker, 43 Ohio App. 294, 182 N. E. 699; and Manton v. City of San Antonio, Tex. Civ. App. 1918, 207 S. W. 951; Von Herberg v. Von Herberg, 6 Wash. (2d) 100, 106 Pac. (2d) 737.

But here the quitclaim deed was signed at the same time that the property settlement agreement was executed and the

two instruments were a part of the same transaction and they must be considered together. 17 C. J. S., Contracts, sec. 298, page 714. The contract of settlement made mutual promises between the parties and it expressly recites that it is made in lieu of court costs, support money or attorneys' fees. In effect it provided that plaintiff should have the personal property which she had removed from the family home and defendant should have the real estate.

Where the consideration expressed in the written instrument is contractual in its nature, oral evidence is inadmissible to show a different consideration because then it changes the legal effect of the instrument. Page on Contracts, Vol. 4, sec. 2166 and Jones, Commentaries on Evidence, Vol. 4, 2nd Ed., sec. 1561. The rule is stated in Stuart v. Crowley, 195 Wis. 47, 217 N. W. 719 722, as follows: "* * * the statement of a consideration, even though it be in a deed, may itself be the operative part of a contractual act as when in the same writing the parties set out their mutual promises as considerations for each other. So that where the consideration appears by the writing to be a contractual act, the writing must control whether it uses the term 'consideration' or not. 5 Wigmore, par. 2433; Lathrop v. Humble, 120 Wis. 331, 97 N. W. 905; Hei v. Heller, 53 Wis. 415, 10 N. W. 620; Butt v. Smith, 121 Wis. 566, 99 N. W. 328, 105 Am. St. Rep. 1039."

The rule with a long line of supporting authorities is stated in 32 C. J. S., Evidence, sec. 958, page 889, as follows: "Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand on the same plane as the other

provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence. For the same reason, where the writing is complete on its face, an additional executory consideration cannot be shown by parol, or, as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration. In cases of this character proof of fraud or mistake is prerequisite to introduction of parol evidence.''

In determining whether the terms of a written instrument are varied by parol testimony, ''the * * * most satisfactory index is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element.'' Hosch v. Howe, 92 Mont. 405, 16 Pac. (2d) 699, 700; Continental Oil Co. v. Bell, 94 Mont. 123, 21 Pac. (2d) 65, 69.

Plaintiff contends that the general rule stated in section 7520, Revised Codes of Montana 1935, has no application to separate and distinct oral agreements. But to come within that exception, this court in Continental Oil Co. v. Bell, supra, said the oral evidence ''must not in any way conflict with or contradict what is contained in the written contract. The written contract must remain intact after the reception of the parol evidence.'' The effect of the oral evidence here was to change or add to the settlement agreement. Instead of plaintiff merely receiving the personal property which she had theretofore taken from the family home as stated in the written agreement she was to receive an additional $400. This may not be shown by parol evidence.

Since the settlement agreement was not ambiguous or incomplete and since no fraud or mistake is alleged in connection with the execution of the settlement agreement, the court erred in receiving oral evidence showing that the consideration for it was different from that stated in it. There is no competent

evidence sustaining the findings and judgment and the judgment is accordingly reversed and the action ordered dismissed.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Bottomly concur.