No. 14449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

KENNETH G. NEILS and
DOROTHY D. NEILS,

                Plaintiffs and Appellants,

    -vs-

RUSSELL K. DEIST,

              Defendant and Respondent.

Appeal from:  District Court of the Eleventh Judicial District,
               Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

    For Appellants:

        Hash, Jellison, O'Brien and Bartlett, Kalispell,
         Montana
        James C. Bartlett argued, Kalispell, Montana

    For Respondent:

        H. James Oleson argued, Kalispell, Montana

                        Submitted:  January 31, 1979

                            Decided: **MAR 7 - 1979**

Filed:  **MAR 7 - 1979**

_Thomas J. Kearney_
                          Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs appeal from a judgment in favor of defendant in an action to collect the balance of an alleged debt. The case was tried in the District Court of Flathead County without a jury. The District Court held plaintiffs' claim barred by the five year statute of limitations.

Plaintiffs Ken and Dorothy Neils and defendant Russell Deist had been friends for many years, both socially and through various business transactions. On April 20, 1970, plaintiffs executed a warranty deed conveying a tract of land to defendant. The deed did not specify the purchase price of the land, but only stated "for value received". On June 26 defendant gave plaintiffs a personal check for $15,000 and accepted delivery of the deed. On July 2 the deed was recorded. The only written instruments involved in the transaction were the deed and check.

Seven years later, on April 18, 1977, plaintiffs filed a complaint alleging an oral agreement between the parties that the $15,000 was a down payment only and that $10,000 was still owing. The complaint further alleged defendant's acknowledgement of the $10,000 remaining indebtedness to plaintiffs on numerous occasions in the intervening years; that it was still due; but that defendant refused to pay. Defendant by answer specifically denied any oral agreement for consideration above the $15,000 already paid, and raised as affirmative defenses the statute of limitations and the statute of frauds. Defendant subsequently moved for summary judgment on those grounds, which motion was denied.

On March 3, 1978 trial was held before the court without a jury. Plaintiffs introduced evidence that the agreed selling price of the property was $25,000, but that they had delivered the deed to defendant upon receipt of his $15,000 check because defendant requested that he be given clear title and the parties had done business in similar informal fashion over the years with no

- 2 -

problems. The 1970 tax return of plaintiff Ken Neils reflected that he had paid a capital gains tax on a $25,000 sale price. Defendant's 1972 income tax return indicated a $25,000 cost basis for the property when resold.

Defendant's testimony was the original agreed price was $15,000. Defendant did admit to some confusion, however, in that in 1975 when plaintiffs first began making demands on him for payment, he thought they were claiming he had paid nothing at all. He conceded that he was not positive whether he had or not, and searched through his old financial records until he found his cancelled $15,000 check. Thereafter, he was adamant that he owed plaintiffs nothing. He explained the reporting of $25,000 as his cost basis in 1972 when he sold the property as having been reached by capitalization of survey costs, delinquent taxes he had paid, purchase of a water right, and interest. He contended that if the original purchase price had been $25,000, then his cost basis in 1972 would have been much higher by the addition of those capitalized items.

Following trial, findings of fact, conclusions of law and judgment were entered. The District Court found that the original agreed price was $25,000, but ruled in favor of defendant on the grounds that the action was barred by section 93-2604(1), R.C.M. 1947, now section 27-2-202(2) MCA, the five year statute of limitations applicable to actions upon a contract not founded on an instrument in writing. Defendant subsequently moved to amend the findings of fact to show that the original agreed price was $15,000, and plaintiffs moved for a new trial. Both motions were denied. This appeal followed.

Plaintiffs and defendant both filed notice of appeal; plaintiffs from the judgment as a whole, and defendant from that portion concluding that the agreed price was $25,000 rather than $15,000. After initiation of the appeal, Russell Deist died and

Joan Deist, his surviving wife and personal representative of his estate, succeeded him as party defendant.

On appeal, plaintiffs contend that the District Court erred in holding that their cause of action was barred by the five year statute of limitations. They argue that a deed is an instrument in writing for the purposes of invoking the 8 year statute of limitations applicable to written contracts. Section 93-2603, R.C.M. 1947, now section 27-2-202(1) MCA. They further argue that the actual consideration for a deed may always be shown to be greater, less than, or different from, that recited in the deed. Their position is that the District Court correctly found the original agreed price to be $25,000 and erred only in applying the statute of limitations. They seek reversal and entry of judgment in their favor for the sum of $10,000 with interest from the date of sale.

Defendant agrees that a deed is an instrument in writing for purposes of determining the applicable statute of limitations. It is his contention, however, that the District Court erroneously admitted the parol evidence of the alleged higher purchase price, so that even though the wrong statute of limitations was used the ruling in favor of defendant was nonetheless correct.

The determinative issues can be framed as follows:

I. What is the applicable statute of limitations?

II. Is parol evidence admissible to prove the actual consideration?

The question of whether a deed constitutes a contract founded upon a written instrument within the meaning of the 8 year statute of limitations has not been specifically settled in Montana. In general, deeds are seen as contracts in writing to which the longer statute of limitations applies.

> "It is established that the acceptance of a deed
> by the grantee named therein makes it a written
> contract, and the obligations created by the deed

- 4 -

are therefore evidenced by a writing and are
not governed by the limitation respecting verbal
contracts." 51 Am Jur 2d Limitation of Actions
§97.

A summary of cases so holding appears in Annot. 3 ALR2d 809 §26.

We recently recognized this rule in dictum, S-W Co. v. John Wight,

Inc. (1978), ____Mont.____, 587 P.2d 348, 357, 35 St.Rep. 1674,

1687, and we adopt it as the law in Montana.

On the parol evidence question both the law of contracts

generally and the law relating specifically to deeds allow parol

evidence on the issue of consideration when the recital in the

instrument is, as here, merely a receipt ("for value received").

"In a case in which the consideration for a written
contract is mentioned merely by way of recital or
as a receipt, the parol evidence rule does not pre-
clude the admission of extrinsic evidence to show
the true consideration . . ." 17 Am Jur 2d Contracts
§90; to the same effect, 30 Am Jur 2d Evidence §§
1056 and 1057.

"The tendency of modern times has been to regard the
consideration clause in a deed merely in the light
of a receipt and to allow parol evidence to explain
the consideration for almost every purpose except
to allow the grantor to avoid the deed where no fraud
or mistake is shown." 23 Am Jur 2d Deeds §71.

"As a general rule, and in line with the modern ten-
dency . . . parol or extrinsic evidence . . . is
admissible to show the actual consideration for the
conveyance . . ." 23 Am Jur 2d Deeds §73.

Where a deed is the only instrument involved in a controversy,

the stated consideration ("one dollar and other considerations")

can be explained by oral testimony. Warner v. Johns (1949), 122

Mont. 283, 201 P.2d 986.

Accordingly, we hold that plaintiffs' claim is not barred

by the 5 year statute of limitations and that they are entitled to

a judgment for the balance of the indebtedness. Since the evi-

dence on the issue of the purchase price was conflicting and the

trial judge chose to believe plaintiffs, defendant has no grounds

for challenging the finding of fact that the agreed price was

$25,000 rather than $15,000.

"The standard of review in a nonjury case is simply to determine if there is substantial evidence to support the findings of the trial court. This Court will not reverse such findings of fact unless there is a clear preponderance of evidence against the findings." Hayden v. Snowden (1978). ___ Mont. ___, 576 P.2d 1115, 1117, 35 St.Rep. 367, 369.

"The credibility and weight given to the witness, especially where the evidence is conflicting, is a matter for the district court's determination in a nonjury case." Olson v. Carter (1977), ___ Mont.___, 572 P.2d 1238, 1239, 34 St.Rep. 1539, 1541, citing Miller v. Fox (1977), ___Mont.___, 571 P.2d 804, 34 St.Rep. 1367.

Plaintiffs have asked us to assess interest on any judgment in their favor from April 20, 1970, the date of the sale. This we decline to do. During oral argument it was established that there had been no agreement whatever between the parties as to whether interest would accrue on the obligation if it were not promptly paid. The issue of interest did not arise during the trial of this case and the District Court made no findings of fact in that regard. No interest was demanded or paid on the first $15,000, although the deed was executed on April 20, 1970 and the payment was not made until June 26, 1970. Because the record is silent on this matter, we hold that interest shall be assessed from a reasonable time after demand was made on defendant for payment of the outstanding $10,000, to be determined by the District Court on remand.

The judgment of the District Court in favor of defendant is reversed and the cause remanded with instructions to enter judgment for plaintiffs in the sum of $10,000, together with interest as may be determined in accordance with this opinion. Costs to plaintiffs. We decline to award attorney fees for trial or upon appeal.

_____
Chief Justice

- 6 -

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices