Lathrop v. Humble, 120 Wis. 331.

LATHROP, Appellant, vs. HUMBLE, Respondent.

*December 16, 1903—January 12, 1904.*

*Sale of chattels: Varying written instrument by parol: Considera-*
*tion: Appeal: Bill of exceptions: Certificate: Pleading: Prac-*
*tice.*

1. In an action of replevin to recover two horses, the plaintiff of-
fered evidence tending to prove that he had negotiated a pur-
chase of defendant's farm, horses, cows, etc.; that a written
executory contract was signed, which however did not include
the horses and cows; that plaintiff was misled into not dis-
covering the omission until the next day when the parties
were about to make conveyance and payment; that thereupon
plaintiff called defendant's attention to the omission; that
defendant then said the horses and cows went with the farm;
and that plaintiff thereupon paid the price agreed upon and
defendant executed a deed of the farm which recited only that
it also conveyed the property mentioned in the executory writ-
ten agreement. Defendant, however, with the other property
delivered to the plaintiff possession of the horses and cows,
but about two weeks later came and took away the horses in
question. *Held:*

    (1) That the evidence should have been admitted, since it
tended to prove an executed transfer of the horses on the day
the deed was delivered, and the deed, in its very nature, was
not an attempted expression of the whole contract, but the
execution of the whole or a part of the defendant's side
thereof.

    (2) That plaintiff's claim that the written executory agree-
ment was not in accordance with the oral understanding was
a sufficient consideration to support the transfer of the articles
not mentioned therein.

2. The absence of a certificate that the bill of exceptions contains
all the evidence does not prevent a review of the judgment by
the supreme court, but merely precludes that court from ex-
amining any assignments of error which are predicated upon
a disregard of the evidence, such as the directing, or refusing
to direct, a verdict, and the like.

3. A complaint did not contain a prayer for relief, but the objec-
tion on that ground was raised for the first time on the trial
and overruled, and judgment rendered for the defendant on
other grounds. *Held*, that the judgment would not be affirmed
for the error of the trial court, if any, in overruling such ob-
jection, if other errors in the record necessitated a reversal.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action of replevin for two horses and certain other property. Plaintiff's right to recovery, aside from the horses, was conceded, but verdict for the defendant directed as to the horses. Plaintiff offered to prove that he negotiated a purchase from the defendant of his farm, these horses, some cows, and certain other personal property; that on January 14th, prior to the consummation of said purchase, a written contract was signed, purporting to express an executory agreement for a sale of the farm and certain specified personal property at an agreed price of $5,200, not including, however, the horses and cows; that plaintiff was misled into not discovering that omission until the next day, January 15th, when the parties were about to make conveyance and payment, whereupon he called the defendant's attention to it, and the defendant said that was all right, that the horses and cows went with the farm, whereupon the plaintiff paid the stipulated price, and the defendant executed a deed of the farm, which recited only that it also conveyed the property expressed in the agreement of the previous day, but, at the same time with the other property, defendant delivered to the plaintiff the horses and cows, but, after a lapse of some two weeks, came and took away the horses mentioned in the complaint. All this evidence was excluded upon the ground that it varied the written instruments. A bill of exceptions was settled, showing these offers of evidence and exceptions to the ruling against the same, but not certified to contain all the evidence. From judgment in accordance with the verdict so ordered, plaintiff appeals.

For the appellant there were briefs by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

For the respondent the cause was submitted on the brief of *A. M. Spencer.*

DODGE, J.　The evidence offered and excluded at least tended to prove an executed transfer of the replevied horses,. made on the day that the deed of the farm was executed. No reason is apparent why plaintiff might not prove that fact by parol evidence.　The statute of frauds offered no obstacle, for a delivery of property and payment of consideration were offered to be proved.　The fact that, as a part of the same transaction, there was executed a deed which recited that, for the whole consideration paid, the defendant conveyed other property, presented no obstacle.　Such deed, in its very nature, was not an attempted expression of the whole contract; it was but the execution of the whole or a part of the defendant's side thereof.　*Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103; *Brader v. Brader,* 110 Wis. 423, 432, 85 N. W. 681.　Indeed, it is in no wise inconsistent with a deed which recites that, for a money consideration named, certain property is thereby conveyed, that for the same consideration other property is also conveyed.　A gross sum of $5,000 may buy several tracts of land or articles of personal property, and separate conveyances of every parcel be made, each reciting such sum as its consideration, and present no inconsistency, for the gross payment would be the true consideration for each conveyance.　For another reason the fact that a deed was made reciting as its consideration the entire payment made would be no obstacle to prove that at the same time defendant made an executed transfer of other property, for such transfer would be valid even if there were no consideration for it.　Plaintiff's claim that title to these horses was transferred to him on January 15th by the defendant would not be invalidated by the fact that he paid nothing for such transfer.　It was entirely competent for the defendant to make over such horses to him as a free gift or in consideration of some claim made by plaintiff that he was equitably entitled thereto by virtue of the prior transactions,.

whether such claim had any validity or not. The evidence offered as to the transactions on the previous day at least tended to prove a claim on plaintiff's part that defendant had acted unfairly with him in omitting from the written executory agreement this property, which both parties had understood was to be included therein. Whether he could have proved such facts to effectively modify or defeat the written agreement made on the 14th was not material. The mere claim that such writing was not in accordance with his understanding, of itself constituted a reason and a sufficient consideration for defendant to make transfer of these articles of property not included therein. Conceding, therefore, that plaintiff could not have been permitted to show by parol that the executory writing of January 14th did not correctly express the agreement then made by the parties (*John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337) for the purpose of affecting the validity of that agreement, he could show the situation and the claims of the respective parties for the purpose of establishing the meeting of their minds on January 15th as to the transfer of the property in controversy. The conclusion is irresistible that the court erred in excluding the testimony offered by plaintiff to prove the transfer to him of these horses. Whether there may have been some portions of that testimony objectionable as irrelevant or immaterial on other grounds, need not, for the purposes of this appeal, be considered. Generically, the testimony was admissible, and its exclusion was error.

But here the defendant makes contention that, because the bill of exceptions is not certified to contain all the evidence, we cannot review the judgment. This is an entirely mistaken view. The absence of such certificate goes no further than to preclude us from examining any errors which are predicated upon disregard of the evidence, such as the directing, or refusing to direct, a verdict, and the like. When the bill of exceptions discloses palpable and distinct error, the

judgment must be reversed unless the record makes reasonably certain the absence of any prejudice from that error. Enough appears in the bill of exceptions in this case to show that the rejection of the evidence in question was directly material to the conclusion reached by the court, and the absence of assurance that we have all the evidence before us makes it impossible to say from the bill of exceptions that the error committed was nonprejudicial. Review of specific errors, although the bill of exceptions did not contain all the evidence, has always been customary. *Hamlin v. Spaulding,* 27 Wis. 360; *Roberts v. McGrath,* 38 Wis. 52; *Humphrey v. Taylor,* 45 Wis. 251; *Nass v. Schulz,* 105 Wis. 146, 81 N. W. 133; *McAllister v. State,* 112 Wis. 496, 88 N. W. 212.

Defendant now interposes another obstacle to plaintiff's recovery, in that his amended complaint contains no prayer for judgment. The action having been commenced in justices' court upon the statutory affidavit in replevin, when it reached circuit court a formal complaint was filed, setting forth the necessary facts, but containing no prayer for relief. Defendant did not demur to the complaint, but answered. At the trial, however, he interposed an objection to any evidence because of the insufficiency of the complaint. That motion was overruled. Doubtless, the failure of complaint to declare the relief demanded renders it defective. Sec. 2646, Stats. 1898. Whether, however, it can be said to fail to state facts necessary to constitute the cause of action, so as to be obnoxious to a general demurrer, or whether the defect should be reached by a motion to strike out or a motion to make specific, may perhaps be doubted. Indeed, there seem to be decided cases indicating that any of these methods may be pursued. The defect, however, is not one of which the defendant can avail himself at this time. The trial court overruled his objection in the nature of a demurrer *ore tenus,* and received evidence. If the objections had been sustained, the trial court would of course have given plaintiff an oppor-

tunity to amend. It would be distinctly perversive of justice to hold that such defect should now be made reason for affirming a judgment against the plaintiff when he has had no such opportunity. If it were conceded that the court below erred in overruling this objection, it would not be an error which would justify the affirmance of his judgment notwithstanding the error committed against plaintiff. It would at most warrant a new trial, with opportunity to amend.

*By the Court.*—Judgment reversed, and cause remanded for new trial.

Fosha, Respondent, vs. O'Donnell, imp., Appellant.

*December 16, 1903—January 12, 1904.*

*Written instruments: Ambiguity: Parol evidence: Statute of frauds: Assumption of debt as part of consideration: Evidence: Immaterial error: Attorney and client: Conversations in absence of client: Accord and satisfaction: Authority to bind client: Ratification: Tender back of amount received: Instructions to jury: Judgment.*

1. Where one person, on purchasing property of another, agrees to apply the consideration in part payment of the debts of the latter, but the written memorandum fails to fully specify all the stipulations made as to the debts assumed, it may be shown by parol testimony what debts the purchaser agreed to pay.

2. An agreement by one person to pay certain debts of another as the consideration for the transfer of property to him by the latter is not in the nature of a special promise to answer for the debt, miscarriage, or default of another, and need not be in writing.

3. Error in refusing to admit evidence is cured by subsequent admission of the evidence.

4. Evidence of interviews between the attorneys who acted for plaintiff and defendant in a former suit between them, in which it was claimed the matter in controversy in the present action was compromised, which did not take place in the presence of plaintiff or her agents and were not shown to have related to matters within the authority of plaintiff's attorney, is *held* to have been properly excluded on plaintiff's objection.