Mueller and others, Appellants, vs. Cook and another, Re-
spondents.

*December 12, 1905—January 9, 1906.*

*Deeds: Consideration: Parol evidence: Contract partly executed: Re-
scission: Logging contract: Time: Waiver: Estoppel.*

1. When parol evidence offered to show the real consideration for a
   deed does not contradict it, but merely shows the other por-
   tions of an entire oral contract in part execution of which the
   deed was made, it is admissible.
2. Upon a purchase of standing timber the vendees paid $24,000,
   which was named in the conveyance as the purchase price, but
   of which $4,000 was in fact paid for the advantage to them of

having the vendors do the logging at $3 per thousand feet; and the vendors agreed in writing to do the logging at that rate. All this was done in pursuance of a prior oral contract between the parties. *Held*, that the agreement as to the logging was not wholly executory and was therefore not subject to rescission by the vendors for a mere breach thereof by the vendees which could be compensated for in money damages.

3. Defendants agreed to log certain timber for plaintiffs during the seasons of 1901–2 and 1902–3, and it was provided that the work should be done during the first season unless they were notified by plaintiffs, prior to July 1, 1901, not to do it until the succeeding season. Pursuant to notice, the work was not done in the season of 1901–2. On August 28, 1902, plaintiffs notified defendants that they had not yet made satisfactory arrangements for transportation of the logs and not to commence logging until such arrangements could be made. Defendants at once informed plaintiffs that if they wished the timber put in as agreed upon they must give notice thereof by September 10th. Plaintiffs gave no notice until November 11th, when defendants declined to go on with the work because the season was too far advanced. *Held*, that plaintiffs had waived the provision of the contract as to the time of doing the work and were estopped to claim that the failure or refusal to do it in the season of 1902–3 was a breach of the contract.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover for alleged breach of contract.

*Complaint in substance:* December 10, 1900, defendants conveyed the pine timber, estimated at 3,774,340 feet, suitable for saw logs on lands in Carlton county, Minnesota, for $24,000, and promise of a contract to log the same and put the logs on cars on the Eastern Railway of Minnesota during the logging seasons of 1901 and 1902 and 1902 and 1903 for $3 per thousand feet, plaintiffs furnishing the wrapping chains necessary for the safe loading of such logs. A contract was accordingly entered into between the parties which provided, among other things, that defendants should do the work agreed upon during the first of the logging seasons mentioned, unless notified by plaintiffs prior to July 1, 1901, that

they desired the same done the succeeding season. The only practicable way of transporting the logs to plaintiffs' mills, which the parties contemplated doing, was by means of said railway. Prior to November 11, 1902, because of the arbitrary conduct of the railway company, plaintiffs were unable to make a practicable arrangement for the shipment of the logs, but on such date they did so and immediately notified defendants thereof, requesting them to proceed with the work, which they peremptorily refused to do, whereby plaintiffs were compelled to employ another person to do such work, paying $4 per thousand feet, to their damage in the sum of $3,773.34. For that they demanded judgment with interest from April 8, 1903, with costs.

*Answer in substance:* The selling of the timber and making of the contract is admitted. After such making plaintiffs requested defendants from time to time not to commence logging operations because the former were unable to make satisfactory arrangements with the railway company for transporting the logs and they did not wish such operations commenced until such arrangements were perfected. The economical cutting of the timber and handling of the logs under the contract required work to be commenced on or about September 10, 1902. About August 28th of such year plaintiffs notified defendants that they had not yet made satisfactory arrangements with the railway company and not to commence logging operations until such arrangements could be made. August 29th thereafter defendants informed plaintiffs that if the latter desired the timber put in as agreed upon they must give notice thereof by the 10th of September following. Plaintiffs refused and neglected to give such notice and refused to allow defendants to proceed with the logging operations prior to November 11, 1902, at which time the season was too far advanced to permit of such operations being commenced and the timber put in without large extra cost over what would have been necessary had they been permitted to

commence work as per contract, for which reason they declined to enter upon the work as requested. The logging of the timber after November 11, 1902, as alleged, is admitted.

At the close of the evidence the defendants moved the court for a verdict in their favor upon the ground that the evidence conclusively showed that plaintiffs were not entitled to recover. The motion was granted and judgment rendered accordingly.

For the appellants the cause was submitted on the brief of *H. V. Gard.*

For the respondents there was a brief by *Ross & Dwyer,* and oral argument by *W. D. Dwyer.*

MARSHALL, J. Many questions are discussed in the briefs of counsel which do not need more than a passing notice, if even that, as we view the case. On the record there are, at the most, two ruling propositions of law. Strictly speaking, there is but one. The other is significant only in that it renders the theory upon which the verdict was directed, and in opposition to which the learned counsel for appellants invites consideration of the many phases of the law regarding rescission of contracts, inapplicable. The second proposition is one which does not seem to have attracted the attention of counsel upon either side or of the trial court.

The complaint by appropriate allegations states that the parties made a verbal contract, which in its entirety called for the payment of $24,000 by appellants to respondents for certain pine timber land, and a written agreement obligating the latter to log the timber and place the manufactured product in the form of saw logs on cars of the Eastern Railway of Minnesota for $3 per thousand feet, $20,000 of the $24,000 to be considered as the real purchase price of the land,—the price thereof independent of the logging feature,—and $4,000 as an equivalent for the opportunity to have the timber handled as indicated at $3 per thousand feet; that in part execution of

such entire verbal contract, as to one feature the land was deeded to appellants, they paying the $24,000 agreed upon, which, though named in the writing, in form, as the consideration therefor, measured the sale price of the land and the agreed advantage to appellants of having the timber handled as and at the price aforesaid; and that the verbal contract was further in part executed by the making of the stipulated agreement as to the timber.

Now if the amount named in the deed was the real consideration therefor, by itself, then at the time of the alleged breach of the logging agreement it was wholly executory. If, however, the sum of $4,000 of the $24,000 named in the deed was paid respondents for the opportunity to have the timber logged and the logs put upon cars as aforesaid for $3 per thousand feet, then the logging agreement as part of the entire transaction was not wholly executory at the time of the supposed rescission. On the contrary it was executed on one side in a very substantial part and not subject to rescission by respondents for a mere breach of the sort claimed, readily remediable by rendering an equivalent for the damages in money. 2 Parsons, Contracts (9th ed.) 834; 9 Cyc. 645. That, of course, has nothing to do with the rule as to entire contracts, that complete performance on one side, unless waived by the other, is essential to put the other in default; that it is a condition precedent to any right of action against such other. Except for such contracts, which do not include the one in hand, the absolute right of rescission by one on the ground of a substantial breach by the other, which may be readily compensated for in money damages, does not exist in case of contracts not wholly executory.

Appellants endeavored to establish that feature of the alleged transaction regarding payment of a consideration for the opportunity to have the timber handled for $3 per thousand feet, and the evidence was rejected. That is a ground of complaint. The theory of the learned court seems to have been that such evidence tended to contradict or vary a written

contract, and so was incompetent under the familiar rule on that subject. In that error was committed. The fact that the consideration named in the deed was $24,000 did not militate against showing that such sum covered the sale price of the land and the advantage as to the logging as well. When parol evidence offered to show the real consideration for a deed does not contradict it, but merely shows those portions of an entire verbal contract, in part execution of which the deed was made, it is admissible. That is elementary. *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Lathrop v. Humble,* 120 Wis. 331, 97 N. W. 905; *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328. The rule that where persons elect to permit some part of an entire verbal contract to rest in parol, reducing the residue to writing, the part not so reduced may be established *aliunde* such writing, is as well established as the one that a written contract is not subject to variance or contradiction by parol. So far as the former rule is inconsistent with the latter it is regarded as an exception thereto. *Hubbard v. Marshall,* 50 Wis. 322, 6 N. W. 497; *Braun v. Wisconsin R. Co.* 92 Wis. 245, 250, 66 N. W. 196; *Caldwell v. Perkins,* 93 Wis. 89, 67 N. W. 29; *Corbett v. Joannes,* 125 Wis. 370, 104 N. W. 69; 2 Wharton, Evidence (3d ed.) § 1051.

From what has been said we must view the ruling on the motion for a directed verdict as if the offered evidence, had it been received, would have established the facts which appellants purposed proving thereby. In that light the making of the written contract was, as before indicated, a mere incident of an entire transaction executed in part by payment of $4,000 for the opportunity of obtaining the logging agreement, which was not subject to rescission for a mere breach, if such breach occurred, since the resulting damages were easy of ascertainment and readily compensable by payment of a money equivalent.

Notwithstanding the foregoing, it seems the court properly decided that appellants, as a matter of law, were not entitled

to recover. No breach of contract on respondents' part was established. They were entitled to proceed with the logging operations in the ordinary way, which, according to the undisputed evidence, was to prepare for the winter's work before there was any danger of being prejudiced in that regard by cold weather. There was nothing in the writing entitling appellants to put any restraint upon respondents' liberty in that respect for the purpose of enabling them to obtain in advance of work being commenced satisfactory arrangements as to freight rates. If they desired protection of that sort, they should have provided for it at the time the writing was made. The contract itself seems to plainly contemplate that respondents should have definite information by July 1st, prior to the logging season in which the timber was to be cut, whether they were to be permitted to proceed with the work or not. It will be noted that respondents agreed to log the timber during the seasons of 1901 and 1902 and 1902 and 1903, with the proviso that the work should be done the first season unless they were notified by appellants prior to July 1, 1901, not to do the cutting until the succeeding season. In that we see a plain recognition of the importance to respondents of knowing by midsummer, prior to the commencement of the succeeding logging season, whether the timber was to be logged during such season or not.

Respondents waived their right under the contract to the extent of permitting appellants to have until September 10, 1902, to elect whether they wanted the contract executed according to its terms. The latter's conduct in allowing the time conceded to them to arrange their freight matter to elapse without notifying respondents whether to proceed or not, and in keeping silent in respect to the matter until November 11, 1902, waived the requirement for the timber to be cut during the ensuing season. Respondents did not refuse to log the timber; they did not terminate the contract. They claimed no rescission of the agreement in their answer or evidence.

They merely treated the conduct of appellants as waiving the provision of the writing, as regards putting in the timber during the logging season of 1902 and 1903. They in part waived their agreed liberty to proceed according to their own judgment in preparing for the logging during the season of 1902 and 1903, as a favor to appellants, and the latter waived the provision of the contract as to the time of logging the timber. That is the whole matter. There was no breach upon either side until appellants, disregarding respondents' rights, proceeded to log the timber.

"Either party may waive any part of a contract, either expressly or by acts or declarations indicating a relinquishment of any provision or part of a provision, and without the performance of which, unless relinquished or waived, a recovery could not be had." 9 Cyc. 646.

In this case the elements of waiver, implied agreement, and estoppel, strictly so called, as well, bar appellants from successfully alleging that respondents breached the logging agreement. The notification to the latter not to make any move to put in the timber until informed of satisfactory arrangements for the transportation of the logs having been made, and the notice back, in effect, that such arrangements must be completed so the work could proceed by September 10, 1902, if it was desired to have the timber put in during the succeeding season, and the failure to give notice in return till months after the required time, by necessary implication constituted a waiver of the contract as to the time of logging the timber, and a mutual agreement that such feature should not be regarded as material. Again, respondents having relied upon appellants' attitude in the matter until a change thereof, if efficient as regards liability of the former, would seriously embarrass them, the latter are precluded from being heard to assert that the attitude which they voluntarily assumed did not evince in fact what it purported to indicate. The doctrine of *estoppel in pais* applies.

*By the Court.*—The judgment is affirmed.