HANNON, Respondent, vs. KELLY and others, Appellants.

*February 27—March 17, 1914.*

*Contracts: Oral testimony adding to writing: Conveyance of hotel
property: Hay scales in street included: Fixtures: Conveyance
of lot by metes and bounds: Ownership.*

1. Where a writing is but a part execution of an entire oral con-
tract, the parties having elected to permit the rest to remain
in parol, such remainder may be shown by oral testimony; but
the writing is not to be contradicted, and if it clearly indicates
that it was intended to embody the entire contract the oral
testimony is not admissible.

2. In the case of a sale of a certain hotel property the fact that the
deed, in addition to describing the real estate, mentioned the
furniture in certain rooms as also conveyed (a schedule of
same being attached), but did not refer to the platform hay
scales in the street adjacent to the hotel, did not preclude
testimony to show that in the oral contract of sale the scales
were included, even assuming the scales to be personal prop-
erty.

3. Where an article is plainly a fixture and part of the real estate,
no concession by counsel during the trial of an action, even
though indorsed by the court, can change the obvious fact and
make such article personalty.

4. Platform hay scales used in connection with a hotel property
and owned by the hotel proprietor, set in the ground in the
customary manner, though outside the lot line and within the
boundaries of the street, were a fixture and unless expressly
reserved would pass by a deed conveying the lot.

5. A sale and conveyance of realty abutting upon a street, in the
absence of express indications to the contrary, includes the
land to the center of the street, and the mere fact that a lot
is described by metes and bounds following the lot lines does
not bring a case within the exception.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action to recover possession of personal property.

One *Matilda Hannon* owned and possessed a hotel property
in the city of Oconto having the usual accessories to accom-
modate and attract customers, such as a saloon and, in the

street in front just outside the curb line, a pair of platform hay scales. The scales were set in the ordinary way and had the appearance of being permanently affixed to the realty as a part of the hotel property. It was a valuable part thereof both as an inducement to people to patronize the hotel and as a direct source of profit. The situation was so represented to plaintiff during negotiations between her and the owner respecting a purchase thereof by the former with the furniture and other personalty in the building, for use and in use by the proprietor in the hotel business, which was somewhat intermixed with other personalty. All except the latter was the subject of the negotiations. The result was that plaintiff bargained, verbally, to pay for the entirety, $4,000, possession to be delivered to her July 1, 1912. Pursuant to the verbal agreement the property was, by warranty deed, conveyed to plaintiff April 5, 1912, the deed specifying the date for delivery of possession and, in order to enable the purchaser to identify and separate her personal property in the house from that not owned by the seller, an old list which the latter had was attached to the deed and referred to in these words, following the description of the hotel premises: "known as the Richards House, together with all the personal property contained in seventeen rooms, kitchen, dining room and pantry in said house as per inventory hereto attached." Thereafter and, while the vendor was yet in possession she verbally sold the scales to a third party. Without disturbing them the purchaser resold. Plaintiff thereafter took possession. The scales were in place then as in the beginning and were being used, as commonly, as part of the hotel property. Plaintiff continued such use for some two weeks without disturbance or notice that an attempt had been made to deprive her of the scales. In the meantime the second purchaser verbally resold the scales to the Oconto Water Supply Company. Thereafter its employees, the defendants, against plaintiff's protest, detached the scales from this land to which

the same were fixed. She then commenced this action to recover possession.

The evidence established, or tended to establish, all matters above stated and this further, though under objection on behalf of defendant that the recitals in the deed were conclusive as to the entire subject of the sale to plaintiff; during the negotiations leading up to the sale and which resulted in the verbal contract, plaintiff inquired about the scales and Mrs. Noel said they went with the property. The trade was verbally closed with that understanding. Later the deed was delivered and consideration paid, plaintiff relying upon Mrs. Noel's representation as to the status of the scales.

During the trial it was taken for granted with the court's approval that the scales, before removal by defendants, were personal property.

The jury found, specially, that, at the time of the verbal contract which resulted in the conveyance by deed being made, it was agreed and understood that the title to the scales would pass as part of the consideration for the $4,000, and found in plaintiff's favor as to all other matters requisite to entitle her to judgment, which was accordingly entered.

For the appellants there was a brief by *Greene, Fairchild, North, Parker & McGillan,* and oral argument by *John W. Gauerke.*

For the respondent there was a brief by *Francis X. Morrow* and *Classon & O'Kelliher,* and oral argument by *D. G. Classon.*

MARSHALL, J. Was error committed by permitting oral testimony as to what was said when the verbal contract was made respecting the transfer of the hotel property to respondent respecting whether the scales would pass to the latter as part of the subject of the sale?

It is contended that the rulings in question violated the principle that all negotiations leading up to and resulting in

a written contract are, subject to some exceptions, conclusively presumed to be merged therein and, therefore, oral testimony, varying or contradicting the writing, is not permissible.

The principle relied on by appellants is familiar.    The object thereof is prevention of fraud.    Where the object would clearly not be promoted but application of the principle, arbitrarily, would promote instead of protect against a fraudulent purpose the tendency has been to create an exception. In this way, by a long course of judicial administrative experience, several exceptions have been wrought out and restrictive boundaries placed about the rule, illustrating the maxim that, in general, a good rule admits of good exceptions and, necessarily, limitations.    In my own judgment the rule under discussion, beneficent as I concede it to be, has quite as much dignity in its exceptions and limitations as in its entirety.    The former vindicates that crowning conception of the law which the broadminded courts constantly struggle to vitalize.    *Ubi jus, ibi remedium.*

One of the limitations mentioned and so often referred to as an exception as to come to be so regarded, is this: Where the writing is but a part execution of an entire verbal contract; the parties having elected to permit the rest to remain in parol, the question of whether the latter can be established *aliunde* the writing is outside the general rule as to varying, explaining, or contradicting a written contract by oral evidence, and so the prohibition does not reach it.    That, however, is limited by the proviso that the part of the entirety not embodied in the writing must not contradict it, nor the writing clearly indicate that it was intended to embody the entire verbal contract.    The court below ruled that the limitation of the principal rule, notwithstanding such proviso, applied to the case.    It is conceded by counsel for respondent that such ruling would be sound except for the reference in the deed to personal property, but that such reference clearly indicates an intention to embody in the writing the entire contract as to personalty as well as realty.

Whether the circumstance mentioned indicates as claimed, is matter of evidentiary inference. It by no means follows, as matter of course, that because the list of furniture and hotel instrumentalities in particular rooms was mentioned in the deed there was a specific intent to name therein everything of a personal property nature or which might be regarded by either of the parties as personalty but formed a part of the subject of sale. There were many circumstances bearing on the subject, particularly the one that there was personalty in the house other than that owned by defendants and that it was necessary to specify the latter in order that it might be identified from the former. The decision of the trial court on this cannot be disturbed.

Did the evidence as to the scales forming part of the entirety contradict the deed? That may be viewed in two aspects, one assuming that the scales were personalty and the other that they formed a part of the realty. The former, as indicated in the statement, was the viewpoint of the trial court and counsel on both sides below and here.

The condition of a part of an entire verbal contract left in parol while the rest in part execution of the entirety is reduced to writing, being proved, that it must not contradict the writing, should be taken reasonably so as to give efficiency to the limitation stated rather than so narrowly as to afford it no substantial vitality. If we start with a conclusive presumption that the parties to a written contract intended to embody everything of a material nature therein, then proof of anything material in addition would, in a sense, contradict the writing. There must be real contradiction to satisfy the terms of the condition. Where is it in this case? The deed referred to specific personalty in the house. The verbal testimony did not add to it or take from it, and so, strictly speaking, did not contradict it.

A deed being unilateral in character is commonly held to be a mere part execution of an entire verbal contract within the principle we are discussing. There is no very strong

presumption, if any, that it contains or was intended to contain all the verbal agreement preceding it. To give it that character, where otherwise it might be so used as to perpetrate a fraud, requires some pretty clear and satisfactory evidence. There are several decisions of this court under somewhat similar circumstances as those here, where the instrument was held to be a mere partial performance of the entire verbal contract. The trial court was guided there by *Lathrop v. Humble,* 120 Wis. 331, 97 ,N. W. 905; *Mueller v. Cook,* 126 Wis. 504, 105 N. W. 1054; *Jost v. Wolf,* 130 Wis. 37, 110 N. W. 232; *Ill. S. Co. v. Paczocha,* 139 Wis. 23, 119 N. W. 550.

It is considered that the situation in question is within the principles illustrated in those cases.

The second aspect of this case is so clear, notwithstanding the agreement of counsel and opinion of the trial court that the scales in place were realty, that it might well be decisive of this case regardless of the rule above discussed. Why did not the scales constitute a fixture? That was suggested on the argument and not answered except by the concession made upon the trial and the theory upon which the circuit judge disposed of the case. But, if the evidence conclusively shows that the scales were a part of the realty when the deed was made, no concession by counsel, even indorsed by the trial court, could change the obvious fact.

Fixtures are realty. They pass by transfer of title to the land unless specifically reserved in the writing. Verbal testimony excepting them out of the writing would be a plain case of varying, modifying, or contradicting that which the parties saw fit to create written evidence of.

In general, the characteristics of fixtures are actual physical annexation, though this is not absolutely essential, application to the use for which the realty is devoted, and intention to make the annexation a permanent part of the freehold,— the latter being the controlling element. *Baringer v. Even-*

*son,* 127 Wis. 36, 106 N. W. 801; *E. M. Fish Co. v. Young,* 127 Wis. 149, 106 N. W. 795. The intention sometimes conclusively appears from circumstances but is a proper subject otherwise for proof by evidence, whether direct or circumstantial, bearing on the question. The circumstance of being an important feature of an entirety for the use to which the realty is devoted, is often of much, and sometimes of conclusive importance on the question of intention. Here there was the physical annexation and adaptability and very strong circumstantial evidence of intention. Under those circumstances it was most natural for plaintiff to speak of the scales during the negotiations to purchase the property. It was up to the seller then to declare whether she considered the scales a part of the realty or not. According to plaintiff's evidence and as the jury found the fact to be, she then said that the scales would go with the property. So the trial court proceeded to a conclusion with that understanding.

Such determination and the subsequent action thereon, if not characterizing circumstances and provable by parol, within the rule often illustrated, *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 359, 128 N. W. 43; *Colt v. Paulson,* 145 Wis. 214, 130 N. W. 55; *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 138 N. W. 92,—to shut out proof of such circumstance and assume that to be personalty which by all physical indications is realty and thus deprive plaintiff of part of what she purchased, would be the plainest kind of a case of permitting the use of a written contract to perpetrate a fraud which forms one of the most notable exceptions to the rule contended for by counsel for appellants, though one, it may be confessed, which needs to be well guarded and applied only within its narrow field. *Jost v. Wolf,* 130 Wis. 37, 110 N. W. 232.

If plaintiff's vendor had not said anything about the scales at the time of the trade they would have passed by the deed not as personalty but as realty seems plain on principle, but it

is supported by abundance of authority.   Bronson, Fixtures, p. 165, note 46; *Arnold v. Crowder,* 81 Ill. 56; *Dudley v. Foote,* 63 N. H. 57; *Bliss v. Whitney,* 9 Allen, 114; *McGorrisk v. Dwyer,* 78 Iowa, 279, 43 N. .W. 215; *Thomson v. Smith,* 111 Iowa, 718, 83 N. W. 789.

The only limitation found mentioned in the books is in *Union Cent. L. Ins. Co. v. Taggart,* 55 Minn. 95, 56 N. W. 579—an authority not followed anywhere that I can find.   It went upon the ground that the scales, being within the street, were presumably there by mere revocable permission of the municipality, which in the absence of evidence to the contrary would indicate, clearly, want of intention to create a permanent addition to the abutting property.   There is evidence to the contrary here in the declaration of the seller at the time of the trade which, by the plainest principles of good faith, she estopped herself from denying.   But the Minnesota case is directly contrary to *Dudley v. Foote, supra,* and *Bliss v. Whitney, supra.*   In both cases the scales were located outside the lot line.   To the same effect is *Redlon v. Barker,* 4 Kan. 445, where a hotel sign-post and sign located in front of the hotel and some eight feet outside the lot line was held to be part of the hotel property and to have passed by the deed of it.

It was suggested on the argument that the trial court was influenced to the conclusion that the scales were not a part of the real estate because the description was by metes and bounds, the side towards the scales being so described as to show that it followed the lot line.   We shall not spend time with that.   It is elementary that a sale and conveyance of realty abutting upon a street, in the absence of clear express indications to the contrary, includes to the center of the street. Elliott, Roads & Streets (2d ed.) § 886; *Pettibone v. Hamilton,* 40 Wis. 402; *Kneeland v. Van Valkenburgh,* 46 Wis. 434, 1 N. W. 63.   So the scales in this case were located on the land conveyed to plaintiff.   She owned it subject to the

public right to use it for street purposes as completely as she did the land inside the lot line. She having sold and conveyed the property as the jury found she did, evidence that she claimed the scales to be personalty clearly contradicts the deed, while evidence that she then disclaimed on the question is confirmatory instead of contradictory of the writing.

It follows that if the trial court erred as appellants claim,—and it is considered to the contrary,—it is manifest that the title to the scales passed to plaintiff as part of the land conveyed.

*By the Court.*—The judgment is affirmed.

TIMLIN, J. I concur in the result.

BARNES, J. I concur in affirmance on the second grounds only stated in the opinion.