STUART, Administrator, Respondent, vs. CROWLEY and another, Appellants.

*January 10—February 7, 1928.*

*Witnesses: Competency: Transaction with deceased person: Heir as interested party: Where witness did not participate in transaction: Recitals as to consideration: Parol evidence: Acts of integration: When consideration is payable.*

1. An heir is a "party" to an action by the administrator against other heirs, within the meaning of sec. 325.16, Stats., providing that no party or person shall be examined as a witness in his own behalf in respect to any transaction or communication by him personally with a deceased person. pp. 52, 53.

2. Such heir, however, is a competent witness to a transaction between the deceased and his sons, where the witness took no part in the transaction, was not a party to it, and where her presence in no way affected it. p. 53.

3. The recital of a consideration or an acknowledgment of the receipt of money is always open to explanation, and the true nature of the transaction may be disclosed even though it contradicts the recital; but the rule is inapplicable to a situation where the parties by their writings intended to set forth and describe a consideration contractual in its nature. pp. 53, 54.

4. When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial in determining the terms of their act. p. 54.

5. The act of integration, that is, the act whereby the parties to a transaction manifest their intention that the writing shall be the sole memorial of their contract, determines whether other evidence may be admitted to supplement the writing. p. 54.
6. Ordinarily, a recital of consideration in a deed of grant is merely a written acknowledgment of a distinct act of payment, and is inserted in the deed for convenience, and the true consideration may be shown by parol. p. 55.
7. A recited consideration for the deed of a farm being the reservation of the homestead and $100 a year during the lives of the grantors and enough of the proceeds of the farm for their support, care in sickness, and burial in a respectful manner, is contractual in nature, and parol evidence is inadmissible to vary the recital. p. 56.
8. Where no time of payment of the consideration for a deed is stated, payment is to be made on demand; and parol evidence cannot be received for the purpose of showing that payment of $3,000, the purchase price of lands, should be made upon the death of the survivor of the grantors. p. 57.

APPEAL from a judgment of the circuit court for Crawford county: S. E. SMALLEY, Circuit Judge. *Reversed.*

This action was begun on the 29th day of March, 1926, and the judgment from which the appeal was taken was entered on November 29, 1926.

The plaintiff, as administrator of the estate of Edward Crowley, deceased, brings this action against the defendants for an accounting. The defendants denied that there was anything due from them to the estate. There was a trial before the court, the court found in favor of the plaintiff, and judgment was entered accordingly, from which the defendants appeal.

For the appellants there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *W. R. Graves.*

*Alexander Athey* and *A. B. Curran,* both of Prairie du Chien, for the respondent.

ROSENBERRY, J. Upon this appeal a question is raised which if resolved in favor of the defendants is decisive of all the issues in the case. While a number of matters are

properly discussed in the briefs, we shall only state such facts as are necessary to present what appears to us to be the primary question, the determination of which, in any view of the case, is necessarily involved. It appears that on and prior to the 15th day of June, 1901, Edward Crowley was the owner of certain premises situated in Crawford county, Wisconsin. Edward Crowley was desirous of entering into an arrangement with his sons, *James* and *Michael,* the defendants herein, by the terms of which the farm owned by Edward was to be deeded to the sons and in return therefor the sons were to undertake the support of Edward Crowley and his wife, Eliza Crowley, during the term of their natural lives. There lived in the neighborhood one J. P. McKinney, a justice of the peace and notary public, and Edward Crowley sent his son *Michael* to bring Mr. McKinney to the Crowley home for the purpose of preparing and acknowledging the necessary instruments to carry out his intention. Upon the arrival of Mr. McKinney the parties, Edward Crowley and his wife, the sons, *James* and *Michael,* and a sister, Bridget, assembled in the kitchen of the farm home. There the documents were prepared and signed and are in the following form:

"Edward Crowley and Eliza Crowley, his wife, grantors, of Crawford county, Wisconsin, hereby convey and warrant to *James Crowley* and *Michael Crowley,* grantees, of Crawford county, Wisconsin, for the sum of Three Thousand Dollars, the following tract of land in Crawford county:

"NE NW quarter section (6) Town (8) Range (4) 38 68/100 acres the NW of the NW section (6) Town (8) Range (4) 33 73/100 acres the South West of the North West Section (6) Town (8) Range (4) 33 73/100 Acres. East ½ of North ½ SE of NE Section One Town (8) Range (5) 10 Acres. North East of North West Section One Town (8) Range (5): 41 66/100 acres. The South East of South West Section One Town (8) Range (5) 40 Acres. Part of NE of the North East of the South West

Section One Town (8) Range (5) 35 Acres. Also North ½ of the North East of South East Section 36 Town (9) Range (5) 20 Acres.

"$3.00 REV. E C 6-15-1901

"Witness the hands and seals of said grantor the 15th day of June, 1901.

His

EDWARD (X) CROWLEY.    (Seal)

Mark

"In presence of                           Her

"J. P. McKinney.   ELIZA (X) CROWLEY.   (Seal)

"Bridget Crowley.              Mark

"State of Wisconsin, ⎱ ss.
   "Crawford County. ⎰

"Personally came before me this 15th day of June, 1901, the above named Edward Crowley and Eliza Crowley, his wife, to me known to be the persons who executed the foregoing instrument, and acknowledged the same.

(Seal)    "JEREMIAH P. McKINNEY, Notary Public.

"Eastman, Wisconsin, June 15–1901.

"Know all men by these Presents that in the transfer and Deed of our Homestead of Edward Crowley and Eliza Crowley his wife, they are to hold the same Homestead during their lives as a Home the numbers of the Homestead are the same as are in the Deed that was Deeded to us on the 15th day of June, 1901. And it is further agreed by us that we are to give our Father and Mother One Hundred Dollars a year for their support, also we are to allow enough of the proceeds of said Farm for the entire support including sickness and our Burial all in a respectful manner.

"In Presence of    JAMES CROWLEY.           (Seal)

"Witness                         His

"J. P. McKinney.   MICHAEL (X) CROWLEY.   (Seal)

"Bridget Crowley.            Mark"

There was an error in the description of the premises, and on November 21, 1916, in an action begun for that purpose, judgment of the circuit court for Crawford county was entered correcting the description so that the same would conform to the description of the lands actually owned by the grantors. Edward Crowley died intestate on March 2,

1904; Eliza Crowley, his wife, died June 13, 1926. At the time of the execution of the writings hereinbefore set out there was upon the farm a considerable amount of personal property of which the grantees took possession and thereafter used, disposed of, and sold same as their own. This action was begun by the administrator of the estate of Edward Crowley, appointed as such in the early part of the year 1926, to recover the value of the personal property so taken possession of by defendants and to recover the $3,000 which the complaint alleges the defendants "have unjustly and unlawfully retained." The matters relating to the consideration recited in the deed are set forth in the complaint in the action begun by the administrator as follows:

"Plaintiff further alleges, as aforesaid, that said defendants did not, nor did either of them, nor any one for them, ever pay any part of the consideration, to wit: three thousand dollars, covenanted to be paid by them to said Edward Crowley, in said deed set out as the consideration for the making of said deed. . . .

"And have unjustly and unlawfully retained the said three thousand dollars purchase price of said lands, and have concealed other assets of the estate of said Edward Crowley, deceased."

The defendants answered, admitted many of the undisputed facts set forth in the complaint, denied that they had not paid any consideration for the deed, and alleged the fact to be "that they had kept and performed the covenants and agreements of the contract entered into at the time of the execution of said deed," and properly set forth the statute of limitations contained in ch. 330, Stats., and alleged that the same were a bar to any action by the plaintiff. Upon the trial there was a demurrer *ore tenus* to the complaint on the ground that it appeared upon the face thereof that the action was barred by the statute of limitations. The court did not rule upon the demurrer but took the testimony and reserved a ruling. Upon the trial the testimony of Bridget Crowley, the sister, was offered, and she was permitted to

testify that at the time of the execution and delivery of the writings there was a contemporaneous parol agreement that the $3,000 consideration recited in the deed should be paid at the death of the father and mother.   There was also evidence to the effect that about one year after the execution of the papers another brother was present at the homestead, and that the father, in his presence and in the presence of the defendants, stated that the $3,000 was to be paid at his death, to which neither of the defendants replied.   The defendants and each of them deny that there was any agreement on their part to pay $3,000 at any time, and their testimony is to the effect that the father stated his wish to deed the premises to the sons and take back an agreement for the support of himself and his wife to the scrivener; that the scrivener then explained that in view of the internal revenue act then in force it was necessary to state some consideration in the deed so that the proper amount of revenue stamps might be affixed; that it was talked over and agreed that $3,000 was a fair valuation for that purpose, and revenue stamps were procured, affixed, and canceled in accordance with the value so fixed.   This is not denied by the sister, Bridget.

The defendants objected to the testimony of Bridget Crowley, first, upon the ground that she was not a competent witness in that she was asked to testify to a transaction with a deceased person in violation of the provisions of sec. 325.16, Stats.:

"No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased or insane person, . . . unless such opposite party shall first, in his own behalf, introduce testimony of himself or some other person concerning such transaction or com-

munication, and then only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates."

The witness was one of the heirs of Edward Crowley and so a party to the proceeding for the reasons stated in *Valentine's Will*, 93 Wis. 45, 67 N. W. 12.

The statute prohibits testimony of a party in respect to any transaction or communication by him personally with a deceased person. There is no claim here that the witness took any part in the transaction or was a party to it or that her presence in any way affected it. She was therefore within the rule laid down in *Wollman v. Ruehle*, 104 Wis. 603, 80 N. W. 919, a competent witness.

It is also argued that by a release subsequently executed she satisfied any claim she might have had against the estate of Edward Crowley and so removed her disqualification, but we do not find it necessary to pass upon that matter.

It was next urged against the testimony of this witness that parol evidence could not be received to vary or contradict the terms of the writing executed by the parties on June 15, 1901. The original documents are not in the record, but it appears that the agreement was written either upon the foot or the back of the deed so that they constituted one document; were together recorded in the office of the register of deeds in the proper county; that they were executed at one and the same time and were parts of a single transaction. It is contended that parol evidence is admissible under the familiar rule that the recital of a consideration or an acknowledgment of a receipt of money is always open to explanation, and that the true nature of the transaction may be disclosed even though it contradicts the recital. There can be no controversy that such is the rule of law, and were there nothing before us but the deed we should have little difficulty in coming to the conclusion that the parol evidence was properly received.

Where, however, the parties by their writings intend to

set forth and describe a consideration contractual in its nature, the rule does not apply. In this case a part of the document was required by law to be in writing. It was under seal, although that fact may not, in this jurisdiction, be of much significance.

The rule is thus stated by Wigmore (5 Wigmore, Evidence (2d ed.) § 2425) : "When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act." Of this he says : (1st) it is not a rule of evidence but a rule of substantive law; (2d) it has no necessary relation to any rule of law requiring acts to be done with a particular formality, such as writing; (3d) that in theory the rule of integration would apply equally to an act embodied in oral form, *i. e.* to a single oral pronouncement; (4th) that the notion of integration is not that any additional terms are involved in that process, but merely that the terms are contained in a different material or embodiment; and therefore the act is complete and binding when finally assented to before integration, even if it is an agreed condition that the act shall be so reduced or integrated. Citing *Sanders v. Pottlitzer Bros. F. Co.* 144 N. Y. 209, 39 N. E. 75.

The act of integration, that is, the act whereby the parties to the transaction manifest their intention that the writing shall be the sole memorial of their contract, determines whether or not other evidence may be resorted to to supplement the writing. If it appears that it was not the intention to embody the entire transaction in writing and that some part of it is to rest in parol, no question can be raised as to the materiality of parol evidence. The difficulty arises in attempting to determine whether there has been a complete or only a partial integration. The reason why a receipt, which is but a written acknowledgment, may be varied by parol, is that it was not intended to be an exclusive memorial,

and the true facts may be shown irrespective of the terms of the receipt. *Prentiss v. Strand,* 116 Wis. 647, 93 N. W. 816; 4 Page, Contracts (2d ed.) p. 3775, § 2156.

So a recital of consideration in a deed of grant is ordinarily intended and is merely a written acknowledgment of a distinct act of payment and is inserted in the deed for convenience. It is therefore not conclusive, and ordinarily the true consideration may be shown by parol evidence. 4 Page, Contracts (2d ed.) p. 3779, § 2158; *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328. On the other hand, the statement of a consideration, even though it be in a deed, may itself be the operative part of a contractual act, as when in the same writing the parties set out their mutual promises as considerations for each other. So that where the consideration appears by the writing to be a contractual act, the writing must control whether it uses the term "consideration" or not. 5 Wigmore, Evidence (2d ed.) § 2433; *Lathrop v. Humble,* 120 Wis. 331, 97 N. W. 905; *Hei v. Heller,* 53 Wis. 415, 10 N. W. 620; *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328.

The reason for rejecting parol evidence as to acts fully integrated has been stated thus:

"If we may go outside of the instrument to prove that there was a stipulation not contained in it, and so that only part of the contract was put in writing, and then, because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself. The writings which are protected from the effect of contemporaneous oral stipulations are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions. If upon inspection and study of the writing, read, it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract." *Eighmie v. Taylor,* 98 N. Y. 288.

In most cases there is not so much controversy as to what the rule of law is as there is as to its application to a particular case.    With these rules in mind let us examine the writings in question.    The deed recites a consideration of $3,000 although the word "consideration" is not used therein.    In the supplementary contract found at the foot of the deed the nature of the consideration is stated in detail.    While the document was not prepared by a skilled draftsman and bears upon its face indisputable evidence of its inartificiality, the intent and purpose is plain.    The grantors, Edward Crowley and Eliza Crowley, first convey the property to the sons, then they take back from the sons certain things which they say, without using the word, are in consideration of the deed given by them of their homestead to the grantees: first, they reserve to themselves the use of the homestead during their lives as a home,—not a part but all of it; next, the grantees agree to pay them $100 a year for their support during the term of their natural lives.    While it is not so stated in the agreement, it is a conclusion which follows irresistibly from the language of the document, inasmuch as the support is to be furnished down to the time of burial.    In addition to payment of $100 a year, the grantees are to allow enough of the proceeds of the farm for the entire support of the grantors, including sickness, and at the time of their death burial in a respectful manner.    So that the entire document sets out in detail the consideration which the grantors accept for the conveyance made by them.    This consideration is clearly of a contractual nature and may not be varied by parol; that is, another and different consideration may not be substituted for it or added to it.    *Borchert v. Skidmore L. Co.* 168 Wis. 523, 171 N. W. 70.    It is considered by the execution and delivery of these documents the grantors and the grantees manifested by their act their intention to state the terms of the transaction into which they entered.

It is argued that by the terms of the document as executed

and delivered no time was fixed for the payment of the
$3,000, and that it is competent, therefore, to show by parol
that the $3,000 was not in fact paid but that its payment
was postponed to a subsequent time.

In the case of *Cliver v. Heil,* 95 Wis. 364, 70 N. W. 346,
the court said:

"There was nothing on the face of the contract upon which
the action was brought to indicate or even suggest that it
did not embody the entire agreement between the parties.
No time of payment for the work the plaintiff was to· per-
form was named in the contract. By a well-established rule
of law, payment in such case was to be made on demand.
The parol evidence offered at the trial was to prove a con-
temporaneous parol agreement as to the time of payment,—
that payment was not to be made until on or about May 1,
1896. This evidence, if admitted, would have materially
varied the construction of the written contract, although it
would not have expressly contradicted its terms. It would
have the effect to add a provision to the contract that it did
not contain. The evidence was clearly inadmissible."

Such is the general rule where no time of payment is
specified. *Murray v. Hamilton Beach Mfg. Co.* 178 Wis.
624, 190 N. W. 460. If it be true that the $3,000 was to be
paid, a time of payment was in legal effect stated in the
contract as written and delivered. The time being fixed
by the contract, it is no more subject to contradiction than
any other contractual part of the writing.

It is considered, therefore, that parol evidence should not
have been received for the purpose of adding to the con-
sideration stated in the supplementary agreement a further
item obligating the grantees to pay the sum of $3,000 upon
the death of the survivor of the grantors.

*By the Court.*—The judgment appealed from is reversed,
and the cause remanded with directions to dismiss the com-
plaint.