Coyne, Respondent, vs. Coyne, Appellant.

*April 3—June 24, 1929.*

For the appellant there was a brief by *Thomas W. King* of Spring Green and *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer*.

*W. G. Evenson* of Baraboo, for the respondent.

The following opinion was filed April 30, 1929:

STEVENS, J. The evidence supports the finding of the jury that the plaintiff was entitled to the possession of the cows here in question. The issue presented is whether the testimony on which this finding was based was properly received in evidence.

1. The banker who drew the land contract testified that the defendant stated to him that he had sold his farm and everything upon it for the price named in the land contract; that the thousand dollars paid down paid for the personal property, and that he did not desire that a bill of sale of the personal property be drawn. The plaintiff and his wife testified that the defendant told them that everything on the place was theirs, except one old horse which he reserved.

The defendant flatly contradicted these witnesses and portions of plaintiff's testimony tend to corroborate defendant. This testimony presented an issue of fact for the jury.

The fact that the land contract named the entire price to be paid for the farm and the personal property did not prevent the plaintiff from showing that the same covered the sale price of both the land and the personalty. "When parol evidence offered to show the real consideration for a deed does not contradict it, but merely shows those portions of an entire verbal contract, in part execution of which the deed was made, it is admissible. That is elementary. (Cases cited.) The rule that where persons elect to permit some part of an entire verbal contract to rest in parol, reducing the residue to writing, the part not so reduced may be established *aliunde* such writing, is as well established as the one that a written contract is not subject to variance or contradiction by parol. So far as the former rule is inconsistent with the latter it is regarded as an exception thereto." *Mueller v. Cook,* 126 Wis. 504, 509, 105 N. W. 1054.

Here the parties had reduced to writing that part of their entire verbal contract which related to the realty and left the part that related to the personalty rest in parol. The fact that the contract named the entire consideration for both the real and personal property does not render the testimony explaining that this consideration covered the personal property as well as the realty inadmissible under the well established rule that parol evidence will not be received to vary or contradict the terms of a written contract. "A gross sum . . . may buy several tracts of land or articles of personal property, and separate conveyances of every parcel be made, each reciting such sum as its consideration, and present no inconsistency, for the gross payment would be the true consideration for each conveyance. For another reason the fact that a deed [or land contract] was made reciting as its consideration the entire payment made, would be no obstacle

to prove that at the same time defendant made an executed transfer of other property, for such transfer would be valid even if there were no consideration for it." *Lathrop v. Humble,* 120 Wis. 331, 333, 97 N. W. 905.

2. There is nothing in the rulings on the admission of evidence or in the instructions to the jury, when viewed as a whole, that could have prejudiced the rights of the defendant.

3. The property not having been returned to the plaintiff, the jury should have assessed the value of the cows here in question as required by sec. 270.29 of the Statutes. But that is not an error of which the defendant can complain, as this is a provision for the benefit of the plaintiff so that he may take judgment for the value of the property in case the defendant cannot return the cows to him.

The judgment appealed from is affirmed, with a direction to the trial court to take the verdict of a jury fixing the value of the cows here in question, in case there can be no return of the same to the plaintiff, and to enter judgment against the defendant for the value of the cattle, in case they are not returned to the plaintiff.

*By the Court.*—So ordered.

The following opinion was filed June 24, 1929:

PER CURIAM *(on motion for rehearing).* 1. The motion for rehearing presents a question not argued when the case was before the court for decision, that is, whether, in order to admit parol evidence under the rule stated in the opinion in this case, it is essential that it appear from the writing itself that the whole agreement of the parties was not incorporated therein.

It is not essential to a decision of this case to determine whether the earlier cases which announced the rule upon which the appellant relies have been modified by later de-

cisions, because it does appear from the writing itself that the whole agreement of the parties was not incorporated therein. The writing contains no provision as to the personal property. Yet it appears without conflict that the agreement must have covered the personal property as well as the real estate, because the possession and control of the personal property was transferred to the plaintiff at the same time that the possession of the farm was given to him.

The proof received did not vary or contradict the terms of the written contract. It supplied the proof to establish a portion of the contract which the parties had left in parol.

2. The case is not controlled by *Borchert v. Skidmore L. Co.* 168 Wis. 523, 525, 171 N. W. 70. In that case an attempt was made to show that the consideration which was named in the contract was not the true consideration agreed upon, but that in addition thereto the purchaser had assumed and agreed to pay certain mortgages upon the land in question. Here no attempt is made to claim that there was any other or different consideration than that named in the contract. The proof offered was received for the purpose of showing that the consideration named in the contract covered the personal property as well as the land. This was admissible under the rule adopted in *Lathrop v. Humble,* 120 Wis. 331, 333, 97 N. W. 905. It is the legal effect of an instrument, not its name, which controls when the question is raised as to whether the consideration named is one of the contractual elements of the contract.

*By the Court.*—Motion denied, with $25 costs.