ESTATE OF PETZOLD: PETZOLD, Claimant, Appellant, vs. PETZOLD, Executor, Respondent.

*January 6—February 4, 1936.*

*Adolph G. Schwefel* of Milwaukee, for the appellant.

For the respondent there was a brief by *Carbys, Kenney & Wolf* of Milwaukee, and oral argument by *John O. Carbys*.

FOWLER, J.   The appellant filed a claim against the estate of his mother grounded on the allegation that she violated her promise, made on his agreeing to pay a specified sum for her farm and make certain provisions for her support, to execute a will by which he would share equally with her other children in her estate, and thereby receive back a part or be relieved from—in fact, being required actually to pay the entire purchase price stipulated.

The mother deeded the farm to him in 1903, and such promise, if any there was, was then made.   In 1917 the mother executed a will by which the claimant was to share equally with the other children.   In 1922 another will was made by which the estate was devised to other children of the testatrix.   This will recited that nothing was left to the claimant because he had received the farm at a price much less than its real value, and because he had agreed when the deed was made to pay her $100 a year during her life in addition to the purchase price mentioned in the deed and had executed a mortgage for $2,000 to secure such annual payments, which payments he had not made, and which mortgage she satisfied at the time her last will was made.

Upon the trial, two children of the claimant were permitted to testify in substance that the decedent had told them that she promised their father when she executed the deed that she would by will give to their father an equal share with the rest of the children.   This is all the testimony received tending to show that the promise claimed was made.

The court, after receiving the testimony, ruled that it was incompetent as attempting to vary the terms of the deed. He also ruled that the wife of the claimant could not testify

to a conversation between the claimant and his mother made two or three days prior to the execution of the deed and during negotiations leading to its execution, in which, as claimed by claimant, the mother made the promise relied on by the claimant. The ground of the rejection of this testimony also was that it was an attempt to vary by parol the terms of the deed and the other contemporaneous writings evidencing the contract of the parties.

The respondent relies on *Hei v. Heller,* 53 Wis. 415, 10 N. W. 620, in support of the trial court's findings. It is. stated in *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 230 N. W. 83, that this case has been overruled so far as it states or implies that to permit oral testimony it must appear from the instrument itself that it does not contain the entire agreement of the parties. *Coyne v. Coyne,* 199 Wis. 263, 225 N. W. 138, 935. If it appears from the circumstances that the writing was not intended to comprise the entire agreement, parol evidence is receivable. In *Lathrop v. Humble,* 120 Wis. 331, 97 N. W. 905 and *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681, the fact that the contract was not fully integrated by the writing involved was shown by parol evidence.

The appellant urges in support of his appeal that the consideration recited in a deed may always be shown by parol, although it is different from that recited in the instrument itself. But where the consideration appearing from the writings of the parties appears to be contractual in its nature, it may not be varied by parol; that is, another and a different consideration may not be substituted for it or added to it. *Stuart v. Crowley,* 195 Wis. 47, 56, 217 N. W. 719. The *Stuart Case, supra,* involved a transaction between sons and their parents, and the parties by their writings—the deed and a contract for support—showed that the promise of support was the consideration for the deed and evidence that

the $3,000 put in the deed as consideration was to be paid at the death of the parents was rejected as an attempt to vary the contract by parol. In this case the writings of the parties consisted of two mortgages executed by the son and the deed executed by the mother, and the mortgages show that the consideration for the deed was the promise of the son to pay $14,000 and to pay $100 to the mother annually during her life. This consideration was as much contractual in its nature as was that in the *Stuart Case, supra,* or in *Borchert v. Skidmore L. Co.* 168 Wis. 523, 171 N. W. 70, cited in support of the ruling in the *Stuart Case, supra.* The rule that the terms of a written contract may not be varied by parol applies as well to the consideration expressed in a writing when it is contractual as to any other part of the contract. In the instant case the consideration to be paid by the son expressed in writing by the parties was the payment of $14,000, part in cash at the time paid and the remainder as indicated by a mortgage securing the payment of all but the down payment and the $100 per year also expressed by a mortgage securing its payment. In the *Borchert Case, supra,* page 525, it is stated:

"In deeds and other unilateral contracts where some expressed consideration is essential to give validity to the instrument or to prevent a resulting trust in favor of the grantor and because the instrument does not purport to express the complete contract between parties, a different rule obtains and parol testimony is admissible to show the consideration actually agreed upon."

But, as also there stated in the paragraph next above that containing the above quotation—

". . . It is a familiar rule that the material contractual terms of a written contract, when complete and unambiguous, cannot be contradicted or varied by parol testimony of prior or contemporaneous conversations or agreements.

4 Wigmore, Ev. § 2425; 10 R. C. L. p. 1021; 3 Jones, Ev. (3 Horwitz, Comm.) § 434. This rule applies as well to the consideration expressed in a writing when that is contractual as to other terms therein.   10 R. C. L. p. 1044."

In the instant case there is no room for application of the ruled stated in the *Borchert Case, supra,* as to deeds, which are unilateral.   Here the contract of the parties is not that expressed by the deed, but that expressed by the deed and two mortgages.   And what the appellant is attempting to show is not the consideration to be paid by him, which is admittedly $14,000.   What he is attempting to show is that in addition to deeding him the farm the mother agreed to will him a share of her estate equal to that willed to her other children.   But as in the *Stuart* and *Borchert Cases, supra,* so in the instant case; the parties having by their writings expressed their respective contractual obligations, the mother by her deed and the son by the two mortgages securing the unexecuted portions of the consideration on his part, these instruments express the complete contractual obligations of both parties and may not be varied by parol testimony.   The mother can no more be shown by parol testimony to have agreed to devise to him by will property in addition to that conveyed by the deed than the heirs in the *Stuart Case, supra,* could show by parol testimony that the sons were to pay at the death of the parents the $3,000 mentioned in the deed as consideration.

*By the Court.*—The judgment of the county court is affirmed.