MILLER, Respondent, v. KOEBERNICK, Appellant.

*January 5—February 3, 1959.*

For the appellant there were briefs by *Clark & Kenyon* of Tomah, and *Hale, Skemp, Hanson & Schnurrer* of La Crosse, and oral argument by *Ernest O. Hanson.*

For the respondent there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran.*

BROADFOOT, J.  The issue in this case was whether or not the stated consideration in the bill of sale included the

stock of merchandise. The plaintiff contended that it did not and the defendant contended that it did. The defendant attempted to offer evidence as to the negotiations beginning on or about June 13, 1957, but the trial court ruled that such parol evidence must be excluded on the ground that it was an attempt to alter or vary the terms of the bill of sale. At the conclusion of the trial, therefore, it held there was no issue of fact to be determined by the jury which had been impaneled, and granted the motion for a directed verdict.

It is apparent that the trial court was in error. It is clear that the entire agreement was not embodied in the bill of sale. No mention of the stock of merchandise was made therein. When it appears that a writing was not intended to comprise an entire agreement, parol evidence should be received to establish that part of the transaction which was permitted by the parties to remain in parol. *Coyne v. Coyne,* 199 Wis. 263, 225 N. W. 138, 225 N. W. 935; *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 230 N. W. 83; *Estate of Petzold,* 220 Wis. 297, 265 N. W. 87; *Scarne's Challenge, Inc., v. M. D. Orum Co.* 267 Wis. 134, 64 N. W. (2d) 836.

Had the trial court permitted parol evidence as to the transaction and the final agreement of the parties a jury question would have been presented. Therefore a new trial must be held.

*By the Court.*—Judgment reversed. Cause remanded for a new trial.